FILED
KENNETH J. MURPHY
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

03 SEP 24 PM 3:06

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

Ted Marcum,                        :

    Petitioner,                    :        Case No. __C-1-02-425__

    vs.                            :        Honorable Judge Herman Weber

William A. Tanner, Warden,         :        Migistrate Judge Jack Sherman

    Respondent.                    :

---

## PETITIONER'S MOTION FOR HABEAS CORPUS AD TESTIFICANDUM

---

    GREETINGS:  Comes now the Petitioner, Ted Marcum, acting in propria persona, who respectfully moves this Honorable Court in this extraordinary matter, for an ORDER issuing the Writ of Habeas Corpus Ad Testificandum, pursuant to the common law powers of this Honorable Court; and pursuant to Act of Congress.

    In Support, Petitioner moves the Court to issue the writ to enable the Petitioner to present relevant testimony pertinent to establishing prima facie evidence demonstrating a fundemental miscarriage of justice, and issuance of the Writ of Habeas Corpus.

    Petitioner further moves the Court to Issue a Writ a Habeas Corpus Ad Testificandum on grounds enabling the Petitioner to present "oral arguments" to the United States District Court in support of Habeas Corpus Relief.

                  **Very Respectfully Submitted,**

                  Ted Marcum

Ted Marcum, petitioner, pro se
Inmate I.D. No. 417-097
Pickaway Correctional Institution
P.O. Box 209
Orient, Ohio 43146

## MEMORANDUM

Comes now the Petitioner before this Honorable Federal District Court on a pro se Petition filed by the Petitioner, Ted Marcum, requesting an ORDER to ISSUE a Writ of Habeas Corpus Ad Testificandum. Petitioner is a State incarcerated prisoner, confined at the Pickaway Correctional Institution, Orient, Ohio. Petitioner has filed a Writ of Habeas Corpus Ad Subjiciendum with the Honorable Judge Herman Weber and Honorable Magistrate Judge Jack Sherman, filed on June 11th, 2002. Petitioner raised numerous claims for relief in his Habeas Corpus Ad Subjiciendum Petition. The Respondent, Warden William A. Tanner filed a Return of Writ in August of 2002; and Petitioner filed a "two-part traverse" in response to Warden Tanner's Return.

Petitioner now comes before this Honorable Court seeking an ORDER ISSUING a Writ of Habeas Corpus Ad Testificandum.

In support, Petitioner states that he would like to testify before the Court in this Habeas Corpus Action. Petitioner further needs to present "oral arguments" in support of all of his claims for relief. Petitioner further has filed a motion requesting an "evidentiary hearing" on his Habeas Corpus Petition; And, Petitioner has further requested an assignment of "co-counsel" to be appointed under the Criminal Justice Act and the Federal In Forma Pauperis Statute. (See: T.D. # 23).

The Supreme Court held over 50-years ago that a Petitioner may obtain a Writ of Habeas Corpus Ad Testificandum for purposes of presenting "oral arguments" to the United States Court of Appeals. See: Price v. Johnston, (1948), 324 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356. Although that case pertained to ISSUING the Writ at the Court of Appeals stage ... Petitioner believes that the right to present "oral arguments" is not limited solely to the Court of Appeals (or for that matter to the United States Supreme Court). In fact, it

(3)

is the belief of the Petitioner that the United States District Court has equal common law power (and statutory power) to ISSUE Writs of Habeas Corpus Ad Testificandum on behalf of State prisoners seeking to present "oral arguments" in support of their Habeas Corpus Petitions. Section 1651(a), 28 U.S.C., provides that:  "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." (emphasis added). The Supreme Court recently held that the "All Writs Act" is precluded in cases ... "[w]here a statute specifically addresses the particular issue at hand, it is that authority, not the All Writs Act, that is controlling." See: **Sygenta Crop Protection, Inc. vs. Henson,** (2002), _____ U.S. ____, **123 S.Ct. 366, 369;** (quoting **Pennsylvania Bureau of Correction** vs. **United States Marshals Service,** 474 **U.S. 34, 41, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)).**

In the present case, Petitioner/Marcum filed his Federal Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 (i.e., the General Habeas Corpus Statute that Congress originally reenacted/amended in the year 1948). **F.N.1**  In that same year, June 25, 1948, Congress enacted Section 2243, [28 U.S.C.]. This Section provided in relevant part that:

> "... [U]nless the application for the writ and the return present
> only issues of law the person to whom the writ is directed shall
> be required to produce at the hearing the body of the person de-
> tained...."

Thus, under §2243 specifically places the necessity to produce the prisoner upon the Respondent. **id.** The Supreme Court holding in **Pennsylvania Bur. Of Corr. Supra,** specifically held that the All Writs Act under 28 U.S.C. 1651 does not grant broad discretion upon Federal Courts to Issue Writs of Habeas Corpus in cases where there is other appropriate statutory authority addressing the particular issue at hand.

---

**F.N.1** Congress initially passed all habeas corpus matters in its original enactment passed on February 5th, 1867, Ch. 28, 14 Stat. 386. Under the original Act it was the custodian who then was to "make return of said writ and bring the party before the judge who granted the writ." **In re Thaw,** 166 F. 71, 74-75 (1908)

(4)

In the present case, Marcum has filed a motion requesting an "evidentiary hearing." The statutory authority directly on point controlling this request falls under §2243 and pursuant to §2254(e) (AEDPA). Petitioner challenged the (AEDPA) in his habeas corpus proceedings, but, assuming the Court intends to apply the (AEDPA) as the controlling "statutory authority" in habeas corpus cases, petitioner counters with Section 28 U.S.C. 1651 and §2241.

Under § 2243, authorizes "hearings" for the purpose of placing upon the Respondent to bring the prisoner before the Court at a "hearing." However, in Marcum's case not only does Marcum request an "evidentiary hearing" but Marcum further requests a "hearing" to present "oral arguments." Nothing in Section 2243 requires a "hearing" when issues of pure "law" are based. In fact, under § 2243 prohibits a "hearing" when the matters are based purely on questions of law. This prohibition under § 2243 would forever prevent a Petitioner from obtaining a "hearing" for purposes of presenting "oral arguments" in support of Federal Habeas Corpus Relief.

The Supreme Court left open the question to what extent does the All Writs Act apply in "extraordinary" cases. The Supreme Court stated:

> "... [T]here may be exceptional circumstances in which a district court can show clearly the inadequacy of traditional habeas corpus writs, such as where there are serious security risks. In such circumstances, a district court may find it necessary or appropriate for Marshals to transport state prisoners. We therefore leave open the question of the availability of the All Writs Act to authorize such an order where exceptional circumstances require it...."

See: **Pennsylvania Bur. of Corr.**, **Supra**, at: 43, 106 S.Ct. at: 361.

In the present case, "exceptional circumstances" do exist for issuing the Writ of Habeas Corpus Ad Testificandum. Petitioner states that "oral arguments" are imperative in this case, which would enable the Petitioner and the Respondent to stress the extraordinary legal claims that the Petitioner has presented.

(5)

Additionally, in light of the fact that Marcum has requested an "evidentiary hearing" for purposes of resolving disputed questions of fact, coupled with the fact to demonstrate "cause" and "prejudice," resulting from the constitutional violations occuring at trial and on direct appeal, including ineffective assistance of counsel, and the deprivation to fundemental fairness, warrants issuance of the writ to bring the Petitioner before the court to testify and present oral arguments.

In addition to the "All Writs Act," Petitioner further relies upon §2241(a), (c)(5), 28 U.S.C., which provides in relevant part:

"... (a) Writs of habeas corpus may be granted by ... the district court ...

"... (c) The writ of habeas corpus shall not extend to a prisoner unless —

"... (5) It is necessary to bring him into court to testify or for trial...."

**(See: 28 U.S.C. §2241(a),(c)(5)).** The Seventh Circuit Court of Appeals upheld the Writ of Habeas Corpus Ad Testificandum to bring the prisoner(s) before the District Court to testify in a civil rights law suit. The question presented in that case pertained to the "costs" associated to the losing party. The Court held that the Writ of Habeas Corpus Ad Testificandum is a "common law" writ. The Court further held "[T]his statute [28 U.S.C. §2241] codifies the common law writ." **See: Sampley v. Duckworth, 72 F.3d 528, 529 (7th Cir. 1995) Cert. Denied 517 U.S. 1220, 116 S.Ct. 1849, 134 L.Ed.2d 950 (1995).** The Court further held that the Respondent must pay the cost associated with bringing the prisoner(s) before the Court, notwithstanding the fact that the plaintiff/prisoner(s) **did not** prevail in winning the law suit. **Id. at: 529.** The Court analyzed the scope of the Testificandum writ and ruled that, at common law, the Respondent must bear the cost of bringing the prisoner before the Court. **Id at: 529.** The Court

(6)

further correctly held that: "... [O]mission leaves in place the common law powers of the federal courts, and using these interstitial powers the courts put flesh on the statutory bones." **Id at: 531**; **(Citing Ivey vs. Harney, 47 F.3d 181, 183 (7th Cir. 1995)).** In **Ivey** the Court held: "...[I]n determining what auxiliary writs are 'agreeable to the usages and principles of law,' we look first to the common law." **(Citing United States vs. Hayman, 342 U.S. 205, 221, N. 35, 72 S.Ct. 263, N.35, 96 L.Ed.2d 232 (1952)); See, also, Lowery vs. McCaughtry, 954 F.2d 422 (7th Cir. 1992).**

At Common Law, the United States Supreme Court held that the Writ of Habeas Corpus Ad Testificandum will issue to bring the prisoner before the Court to present "oral arguments." **See: Price vs. Johnston, Supra, 334 U.S. 266, 278-278, 68 S.Ct. 1049, 1056-1061, 92 L.Ed.2d 1356 (1948).** The Seventh Circuit Court of Appeals decision in **Ivey, Supra,** held that the Federal Courts retain "common law" authority to issue writs of habeas corpus ad testificandum for purposes enabling the prisoner to present "oral arguments" to the courts. **Id at: 184.** Although the Seventh Circuit held that the federal courts retain this "common law" power, Marcum questions the Seventh Circuit ruling in light of § 2243, which **prohibits** a "hearing" when the claim pertains to questions as a matter of "law."

In any event, Marcum does request a "hearing" in this habeas corpus proceeding. Marcum does intend to "present oral arguments" to the United States District Court, in support of his claims for habeas corpus relief. Additionally, Petitioner has already filed a motion requesting an "evidentiary hearing" for purposes of presenting evidence and testimony to this Honorable District Court. Petitioner further relies upon **Sales vs. Marshall, 873 F.2d 115, 119 (6th Cir. 1989),** for the proposition that the Respondent/Custodian in Marcum's circumstance, must bear the cost transporting and supervising Marcum. **Id. at 119.** The Sixth Circuit held "[w]e know of no rule that prohibits a court from requiring the custodian of a prisoner to transport the prisoner to court proceedings at the custodian's expense." **Id. at: 119.**

(7)

Petitioner further relies upon the reasoning expressed by the Second Circuit Court of Appeals, **See**, <u>Rivera</u> vs. <u>Santirocco</u>, 814 F.3d 859 (2nd Cir. 1987), which explained the common law background of the writ of habeas corpus ad testificandum in upholding the district court's order directing the U.S. Marshals Service and the F.B.I. to take custody of a state prisoner during a trial in which the prisoner was a necessary witness. **See, also,** <u>Ballard</u> vs. <u>Spradley</u>, **557 F.2d 476, 480 (5th Cir. 1977).** Both the Second and Fifth Circuits correctly trace the Writ of Habeas Corpus Ad Testificandum dating back into the early parts of 1800's, and further explained that the writ is essentially the same today, as it was then.

The Eleventh Circuit has held that the Writ of Habeas Corpus Ad Testificandum carries with it the right that: "[p]risoners have a constitutional right to 'adequate, effective and meaningful access to the the courts.'" **See:** <u>Spears</u> vs. <u>Chandler</u>, **672 F.2d 834, 835 (11th Cir. 1982)** (citing <u>Bonner</u> vs. <u>City of Prichard</u>, **661 F.2d 1206, 1212**); **See, Also,** <u>Latiolais</u> vs. <u>Whitley</u>, **93 F.3d 205, 207 (5th Cir. 1996).**

The Third Circuit applied Fed. R. Civ. P. 45(e) in a habeas corpus ad testificandum case and held that: "[W]itnesses required for civil proceedings in the Federal Courts are subject to compulsory process [pursuant to Fed. R. Civ. P. 45]." **See,** <u>Story</u> vs. <u>Robinson</u>, **689 F.2d 1176, 1178 (3rd Cir. 1982); Compare:** <u>U.S vs. Garrard</u>, **83 F.3d 889, 893 (7th Cir. 1996)** (Applying Fed. R. Civ. P. 17(b) and distinguishing the difference between an ordinary "subpoena" under Rule 17(b), and the issuance of a writ of habeas corpus ad testificandum, and holding that: "... [c]onstitutional considerations and the procedural considerations of Rule 17(b) apply.") <u>Garrard</u> **83 F.ed at: 893.**

In <u>**Manning**</u> vs. <u>**Tefft**</u>, **839 F.Supp. 126 (D.R.I. 1994),** the Court recognized that: "[I]t is fundemental that, in appropriate cases, a federal court may direct [the] prisoner who has filed a civil suit be permitted to attend the trial." **Id at: 129.** However, the <u>**Manning**</u> court further correctly pointed-out that: "... [i]t is [equally]

(8)

clear that a prisoner does not ... have a constitutional right to be present at a
civil trial to which he is a party." **Id. at: 129; (citing <u>Stone</u> vs. <u>Morris</u>, 546
F.2d 730 (7th Cir. 1996); <u>Armstrong</u> vs. <u>Rushing</u>, 352 F.2d 836, 837 (9th Cir. 1965).**

When a Court is presented with a writ of habeas corpus ad testificandum, there
are Three (3) things the Court must first decide:  [1] Whether the prisoner's pre-
sence will substantially further the resolution of the case; [2] Security risks pre-
sented by the prisoner's transportation and safekeeping; And [3] Whether the suit
can be stayed until the prisoner is released without prejudice to the cause asser-
ted." **See: <u>Atkins</u> vs. <u>City of New York</u>, 856 F.Supp. 755, 757 (E.D.N.Y. 1994) (Citing
<u>Ballard</u> vs. <u>Spadley</u>, <u>Supra</u>, 557 F.2d 476, 480 (5th Cir. 1977)).**

In addition, the Court should consider the distance between the Courthouse
and the location of the prisoner. **See, generally, <u>Greene</u> vs. <u>Prunty</u>, 938 F.Supp. 637,
638 (S.D. Cal. 1996)** (citing collecting cases applying the "[e]xtraterritorial appli-
cation of a writ of habeas corpus ad testificandum in appropriate circumstances") **Id.
at: 638.**

The standard for issuance of the writ is also similar to that employed pursuant
to Fed. R. Civ. P. 17(b) ... "Courts have generally required criminal defendants re-
questing such writs [of habeas corpus ad testificandum] to comply with Fed. R. Civ. P.
17(b), which for a satisfactory showing ... that the presence of the witness is neces-
sary to an adequate defense." **See: <u>Greene</u> 938 F.Supp. at: 639.**

Ninth Circuit Case Law adopted the following standard on necessity:

"... If the accused avers facts which, if true, would be relevant to any
issue in the case, the requests for subpoenas must be granted, unless
the averments are inherently incredible on their face, or unless the
Government shows, either by introducing evidence or from matters already
of record, that the averments are untrue or that the request is other-
wise frivolous...."

See, **<u>United States</u> vs. <u>Sims</u>, 637 F.2d 625, 627 (9th Cir. 1980);** See, also, **<u>Greene</u>,
<u>Supra</u>, 938 F.Supp. at: 639.** In addition, the Court may also consider whether testi-
mony is "cumulative" of the evidence that is already established. **See: <u>United States</u>
vs. <u>Henry</u>, 560 F.2d 963, 965 (9th Cir. 1977),** and the difficulties in securing a pri-

soner's testimony versus the actual need for such testimony. **See: United States**

**vs. Rinchack,** 820 F.2d 1557, 1568 (11th Cir. 1987).

In addition, the Petitioner must attached a sworn "affidavit" to his motion

requesting a Writ of Habeas Corpus Ad Testificandum. **See: Greene, Supra,** 938 F.

**Supp. at: 639.** The affidavit must state the testimony of the Petitioner that he

intends to testify to in open court, **See, Greene, Supra, id at: 639**; And secondly,

the Petitioner must demonstrate, through his "affidavit," as to why this testimony

is "necessay." **See: Greene Id.**

Turning now to Marcum's case. First, as noted above, Marcum cited the Supreme

Court decision that authorizes the District Courts to issue Writ(s) of Habeas Cor-

pus Ad Testificandum in cases posing "exceptional circumstances." **See: Pennsylvania**

**Bureau Of Corrections, Supra,** 474 U.S. at: 43, 106 S.Ct. at: 361; **See, Also, Ivey,**

**Supra,** 47 F.3d at: 185 (Holding: "no one doubts that the All Writs Act may justify

extraordinary relief when § 2241 does not. Section 2241 is limited to writs of ha-

beas corpus, and § 1651(a) permits courts to issue other kinds of writs. The fact

that a writ of habeas corpus may not issue in a particular situation does not com-

pel a conclusion that no other writ is available.") **Id. at: 185.**

Petitioner in the case **sub judice** asserts that a "fundemental miscarriage of

justice" occured at his 1996 jury trial, and throughout the course of his direct

appeals. **(See: Marcum's Intitial Habeas Petition; See, Also, Part Nos. I and II of**

**the Traverse Pleadings).** The Fifth Circuit held in **Latiolais, Supra,** 93 F.3d at:

207, that "[A]t a minimum, fundemental fairness requires that plaintiffs have the

opportunity to present their cases so that the trier of fact can make a meaningful

search for the truth." **Id at: 207.** The Court further held: "In determining whether

the trier of fact was afforded the opportunity to make such a meaningful search for

the truth, we must examine all of the circumstances surrounding the trial. A trial

was not fundamentally fair if a party's cause was substantially prejudiced by er-

(10)

rors at trial." **(Quoting Latiolais, Supra, 93 F.3d, at: 207).** Petitioner/Marcum avers that his case does pose "exceptional circumstances" compared to other prison litigation. For example, should the Federal Courts agree with Marcum pertaining to the fact that Ohio's "direct appeal" process (under Ohio App. R. 26) violates the equal protection clause and due process clause of the 14th Amendment, may retroactively effect every "indigent" appellant in the State of Ohio. Petitioner challenged Ohio Appellate Procedural Rule(s) 14(B), 26(A), and 26(B) as violative to the rights of "indigent" appellant's because under these Court Rule(s) there is "no provision" for the "appointment of counsel" to assist indigent offenders with filing a motion for "reconsideration" or "reopening" of their direct criminal appeals. **(See: Ground No. III, Federal Habeas Petition; See, Also, Part No. II, Traverse).** Marcum further claimed that, in the absence of counsel to assist indigent appellant's, undermines meaningful appellate review on reviewing claims of "ineffective assistance of appellate counsel."

Marcum further argued that these Appellate Court Rules are not "adequate" "independent" of Federal Law, to preclude Federal Habeas Corpus Relief. **(See: Ground No. VII, Federal Habeas Corpus Petition).** These two constitutional challenges to Ohio's Direct Appeal Proceedings present "exceptional circumstances."

In addition to the above, Marcum challenged the application and/or enforcement of the Antiterrorism And Effective Death Penalty Act of (1996). **(See: Part No. I, Traverse).** Marcum raised "Separation of Powers" principles between the co-equal branches of Federal Government, to demonstrate that the (AEDPA) violates the Constitution. Marcum further cited the Suspension Clause to the "priviledge" of the Writ. Marcum further raised Violation of the "Association" Clause to the 1st Amendment of the United States Constitution, on grounds that the United States Congress has placed every State Prisoner into a class of people (such as "Terrorists" and "Death Penalty" Cases) who have no "association" with

(11)

Terrorists or Murderers, or other Heinous Offense (such as Treason or Espionage).
Thus, Petitioner attacked the (AEDPA) as violative to "[e]very American in the
entire United States" by forcing classes of people into a Terrorists/Death Penalty
Bill. Petitioner challenged the (AEDPA) as violative under Article III of the
United States Constitution, which undermined meaningful federal habeas corpus
review to an "independent judiciary." Petitioner further challenged the (AEDPA)
under the 5th and 14th Amendments, i.e., Equal Protection of the Law; Due Pro-
cess of Law; And Violative to the "Supremecy Clause" of the United States Con-
stitution pursuant to Article VI of the United States Constitution. **F.N.2**

In addition to the above, Marcum raised claims that trial counsel was inef-
fective due as a result to the fact that Defense Counsel failed to: [1] Subpoena
Medical Records, which would have shown that Officer James Gross did assualt Mar-
cum, and that he (Gross) fraudulently charge Marcum with "assault" on him; [2]
Trial Counsel was ineffective as a result that she had "no-defense-stagety," what-
so-ever, to present to the Jury; [3] Defense Counsel failed to raise "viable ob-
jections," such as to prosecutor misconduct, and by allowing the prosecutor to
submit "so many prior convictions" to the jury, without raising an objection; [4]
Trial Counsel failed to request a "new trial" or a "dismissal" on grounds that
Marcum did not receive a "fair trial;" [5] Trial Counsel was ineffective due to
counsel's failure to request a "new trial" on grounds that counsel's assistance
was "ineffective;" And [6] Trial Counsel was ineffective by telling the jury that
Marcum was "guilty" (which relieved the prosecutor from the burden of proving
Marcum's guilt beyond a reasonable doubt). **F.N.3** See claims raised in **Ground No.
V** of Marcum federal Habeas Corpus Petition. **(See, Also, Part No. II, Traverse).**

Marcum further raised "ineffective assistance of appellate counsel." [1] Mar-
cum raised that Appellate Counsel was ineffective due to counsel's failure and re-

---

F.N. 2 Petitioner further challenged the (AEDPA) as violating the 9th and 10th
Amendments of the United States Constitution.

F.N. 3 Petitioner further argued in his Habeas Petition that defense counsel at
trial reqested an improperly "lesser included offense instruction" to the jury.

(12)

fusal to "timely provide" the "trial court transcript record of proceedings" over to Marcum, in a timely fashion, so as to have enabled Petitioner an opportunity to "timely file an application for reconsideration and reopening of his direct appeal." **(See Ground No. I of the Federal Habeas Corpus Petition);** [2] Marcum further raised that Appellate Counsel was counstitutionally ineffective when appellate counsel failed to raise as an assignment of err that their was "insuffiecient evidence" to convict Marcum of "Defrauding a Livery;" **(See Ground IV of the Federal Petition);** [3] Marcum raised that Appellate Counsel was constitutionally ineffective, when Appellate Counsel failed to raise the claim that Marcum was denied his 6th and 14th Amendment Right to the "Effective Assistance of Counsel;" and [4] Marcum raised the specific claim pertaining to ineffective assistance of appellate counsel, when counsel failed to "file an application for reconsideration and reopening of his direct appeal" based on "intervening Supreme Court Case Law" pertaining to Marcum's "prior convictions" which were needlessly paraded to in front of the jury, which prejudicially deprived petitioner of his right to a "fair trial." **(See Ground VI of the Federal Petition; See, Also, Traverse Part No. II).**

Marcum further alleged "perjury" by the Police and Prosecutor. Marcum further alleged that the police and prosecutor withheld Marcum's "medical records" from the jury, and replaced those "medical records" with a "medical report" that Officer James Gross prepared. Thus, in sum, Petitioner has shown a "fundemental Miscarriage of justice" coupled with an "actual innocence" claim.

In light of the above, Petitioner respectfully moves the United States District Court to Issue the Writ of Habeas Corpus Ad Testificandum ORDERING the Warden or the U.S. Marshal to transport Petitioner before this Honorable Court, and to House Marcum for sakeeping until said hearing(s) are completely held and heard. Petitioner further respectfully moves the Court to ORDER the Warden to incure **all**

(13)

cost(s) associated herein pertaining to transportation, housing, and supervision fees.

Alternatively, Marcum moves the court to stay proceedings in this case until he is released on parole status. Petitioner states that he is scheduled to be re-leased from Pickaway Correctional Institution (on parole) that becomes effective on January 2nd, 2004, i.e., $3\frac{1}{2}$ months. Should the Court prefer to set a hearing on or after that date ... is an "alternative factor" this Court may prefer? Or, if in the event the Court determines that the existing record contains suffi-cient facts and/or evidence upon which a fair and just determination may be de-cided ..., this Petitioner defers to the sound judgment and reasoning of this Honorable Court.

Petitioner further moves the Court to consider any other factors not ex-pressly stated herein, that the Court on its own motion determines to be in the interest of justice.

Very Respectfully Submitted,

Ted Marcum

Ted Marcum, Petitioner, pro se
Inmate no. 417-097
Pickaway Correctional Institution
Post Office Box 209
Orient, Ohio 43146

(14)

### AFFIDAVIT OF VERITY

Pursuant to 28 U.S.C. § 1746, provides in relevant parts that: "Whereever, under any law of the United States made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by sworn decla- ration" ... may be made by ... "[d]eclar[ing] ... under penalty of perjury that the forgoing is true and correct...."

Petitioner, Ted Marcum, ("Affiant") does hereby declare, deposes, and says, "under declaration of penalty of perjury," that the Facts stated within the body of the forgoing Petition for Writ of Habeas Corpus Ad Testificandum, are, and hereby is, wholly "true and correct" to the best of Petitioner's knowledge and beliefs. Executed on this 15 Day of Sept., 2003.

9/15/2003
Date of Signature

Ted Marcum
Ted Marcum, Petitioner, "Affiant"
Inmate No. 417-097

### CERTIFICATE OF SERVICE

This is hereby to certify to and affirm to, under declaration of penalty of perjury, that a true exact copy (and the original) of the forgoing Petition for Writ of Habeas Corpus Ad Testificandum, has hereby been served upon Prison Mail- room Officials at the Pickaway Correctional Institution, contained in preaddressed "legal envelopes," with sufficient postage (cash withdraw slip) attached thereto, to pay the cost of postage and handling fees, and addressed to all of the follow- ing locations: [1] Clerk of the United States District Court, 100 East Fifth St., Cincinnati, Ohio 45202; [2] Mr. Stuart A. Cole, Assistant Ohio Attorney General, 140 East Town Steet, Columbus, Ohio 43215; And [3] Mr. Jeffrey Brandt, Attorney at Law, Suite 3000, 11331 Grooms Road, Cincinnati, Ohio 45242, on this 15 Day of September, 2003, by regular 1st class mail.

Ted Marcum
Ted Marcum, Petitioner, Affiant
Inmate No. 417-097
Pickaway Correctional Institution
Orient, Ohio 43146

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ted Marcum,                          :

    Petitioner,                  :        Honorable Judge Herman Weber

    vs.                          :        Magistrate Judge Jack Sherman

William A. Tanner, Warden,           :        Case No. C-1-02-425

    Respondent.                  :

### AFFIDAVIT BY PETITIONER, TED MARCUM, IN SUPPORT OF GRANTING AN EVIDENTIARY HEARING AND FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

[1] Petitioner, Ted Marcum, hereby deposes, states, and says, under penalty of perjury, and declaring the same to be wholly correct and true that:

[2] Petitioner is of sound mind and is competent to testify thereto;

[3] Petitioner is incarcerated at the Pickaway Correctional Institution, 11781 State Rought 762, P.O. Box 209, Orient, Ohio 43146;

[4] Warden William A. Tanner, is the "Respondent" named in this Habeas Corpus action;

[5] Petitioner has filed a Petition for a Writ of Habeas Corpus Ad Subjiciendum [The Great Writ] asserting constitutional claims challenging his incarceration, and further raising a "fundemental miscarriage of justice;"

[6] Petitioner did not receive "effective assistance of counsel" at trial; Nor the "effective assistance of counsel" on direct appeal from his State Court Conviction for "Assault" and "Defrauding a Livery;" and "Resisting Arrest;" And "Disorderly Conduct" convictions;

[7] Petitioner is "indigent" and relied upon the State of Ohio to provide him with "court appointed counsel" to represent him at trial and on direct appeal;

[8] Petitioner was not provided "appointment of counsel" to assist Marcum with timely filing an application for "reconsideration" or "reopening" of his direct appeal;

(2)

[9] Petitioner was not provided with any post-hearings to develope the material facts during the course of his State Court Proceedings;

[10] Petitioner was deprived of his due process rights to a full meaningful hearing, and the opportunity to be heard, by the Ohio State Courts;

[11] Petitioner was not provided with an "adequate" or "independent" remedy thoughout the course of his direct appeal proceedings under Ohio Appellate Court Rule(s) 14(B),26 (A), and 26(B);

[12] Defense Counsel, Mary Lou Kusel, did not "subpoena" Petitioner's "medical records," despite the fact that Petitioner instructed her to do so;

[13] The Assistant Butler County Prosecuting Attorney, John J. McCracken, knowingly "concealed" medical records away from the jury which would have shown that Police Officer, James Gross, did "assault" Marcum during an altercation occuring on September 21st, 1995; And further would have "impeached" Gross's trial court testimony;

[14] Defense Counsel requested an improper "jury instruction" to be read to the jury;

[15] Appellate Counsel failed to timely provide a copy of the trial court transcript record of proceedings over to Marcum, so as to have enabled Petitioner to "indentify" his ineffective counsel claims for purposes of "timely filing an application for reconsideration and reopening;"

[16] Petitioner was deprived of his fundemental rights to a "fair trial," when the prosecutor paraded numerous "prior convictions" to the jury, which deprived petitioner of his right to the effective assistance of counsel, and his right to a "fair trial" as guaranteed by the Rules of Evidence, and the 6th and 14th Amendments to the United States Constitution;

(3)

[17]  Petitioner did <u>not</u> receive his right to the "effective assistance of counsel" at trial, nor the right to a "fair trial," when defense counsel failed to "object" to allowing the prosecutor to submit a fraudulent "medical report" into as evidence, prepared by Officer James Gross, which stated that Marcum did <u>not</u> have no "injuries" whatsoever. This "medical report" was a purjured document by James Gross. Moreover, Mr. Gross is <u>not</u> a "licensed medical examiner," and cannot give a "legal" or "medical" opinion to the jury;

[18]  Defense Counsel did not "investigate" the case; She was not "prepared" for trial; She failed to subpoena eyewitnesses that observed Marcum's injuries; And she failed to subpoena any eyewitnesses from White Castle;

[19]  Defense Counsel was ineffective based on her "no defense strategy;"

[20]  Defense Counsel was ineffective as a result of her ignorance to the relevant law;

[21]  Defense Counsel was ineffective based on her failure to raise "viable objections" to the judge and jury;

[22]  Defense Counsel was ineffective due to her failure to request a "mistrial," and/or to file a motion or request for a "new trial;"

[23]  Defense Counsel rendered ineffective assistance by telling the jury that Marcum was "guilty" of "Resisting Arrest" and "Disorderly Conduct," which relieved the burden of proof by the prosecutor to prove each and every essential element of the State's case, by proof beyond a reasonable doubt;

[24]  Petitioner's first attorney at trial, Mr. Brady Fenning, moved to be "withdrawn" from the case because Marcum refused to "plead guilty," which prejudicially denied Marcum of his guaranteed right to the effective assistance of counsel;

(4)

[25]  Petitioner was denied "access to the courts," in violation of the 1st and 14th Amendment of the United States Constitution, and his right to "due process of law" when prison officials at the London Correctional Institution "lost" Petitioner's legal mail for a 55-day period, which prejudically prevented Petitioner from filing an appeal to the Ohio Supreme Court pertaining to Petitioner's "Motion for An Enlargement of Time" on filing an application for "Reopening" of his direct appeal;

[26] Petititoner suffered "actual prejudice" as a result of "indequate prison law library" facilities, while Marcum was incarcerated at the London Correctional Institution between the years of 1996-1997;

[27] Mr. Glenn Hurwood, Prison Librarian at the London Correction Institution, knew (mens rea) that inmates were "stealing" law books out of the Law Library; and Mr. Hurwood "knew" (mens rea) that inmates were "tearing pages" out of the law books, which prejudicially prevented Petitioner from discovering that the Locale Ohio Supreme Court Rules of Appellate Practice and Procedure had been "amended" in 1996, which authorized the Courts of Appeals to entertain applications for "Reopening" simultaneously, with the filing of a direct appeal presented to the Supreme Court of Ohio. Petitioner states that Mr. Hurwood knew that inmates were being destructive to the legal materials at London, but Mr. Hurwood purposely and knowingly failed to take corrective action in preventing inmates from destroying the law library materials;

[28] While Petitioner was incarcerated at the London Correctional Institution, it was standard practice at London for "inmate law clerks" to run the basic operations inside of the Law Library. These inmate "law clerks" were not "trained in the law." Furthermore, these "inmate law clerks" (for the most part) did not "prepare" legal documents for filing on behalf of other inmates;

(5)

Rather, these inmate law clerks only passed-out law books to the inmates with-
out taking the time to **explain** how the law applies in any particular case. In
sum, the entire Ohio Prison System buy law books, hire(s) inmate law clerks to
pass-out books to the inmates. As far as actually "assisting" inmates, <u>both</u>:
the prison system and inmate law clerks, do not provide the "assistance" neces-
sary to inform inmates as a whole, on the proper methods or procedures that is
required on filing a proper cause of action in the State and Federal Courts;

[29] The Ohio Prison System do <u>not</u> hire paralegals or private attorneys to
come inside the prison compound to assist inmate(s) on filing legal documents.
Petitioner states that, to his knowledge, no prison in the State of Ohio that
Marcum was an inmate at, provided independent counsel or paralegals to assist
the inmate population;

[30] Petitioner states that there are "external factors" involved in his
case, for purposes of demonstrating "cause" and "prejudice" to overcome any
and all procedural defaults that either might have occured or did occure in
his case;

[31] Petitioner believes that there are material facts that are dis-
puted by the Respondent in this case, which require clarification at an "evi-
dentiary hearing;"

[32] Petitioner states that this Court may issue the Writ of Habeas Corpus
Ad Testificandum, because there are "extra-ordinary circumstances" involved in
Petitioner/Marcum/s case;

[33] Petitioner has raised novel issues under the Newly Enacted Antiterro-
rism and Effective Death Penalty Act of (1996), which does warrent an "eviden-
tiary hearing" for purposes enabling the Petitioner to testify to the fact that
He (Marcum) is <u>not</u> a "Terrorist;" He's <u>not</u> a "Death Penalty Case;" and He is <u>not</u>

(6)

an "immigration" case. Petitioner further needs to testify to all of his prior criminal activities, to demonstrate that Petitioner is not associated with any of the above aforementioned class of persons;

[34]  Affiant states that an evidentiary hearing is required in order to allow the Petitioner to testify to the fact that he (Marcum) did **timely** deliver his Federal Habeas Corpus Petition to Mr. Don Holt, Mail Room Employee at the Pickaway Correctional Institution in a **timely manner** dated on May 29, 2002;

[35]  Affiant states that an evidentiary is required to enable witnesses to be subpoenaed, sworn, and testify under Oath or Afirmation;

[36]  Affiant states that he is **limited** on the amount of time he is allowed to spend in the Law Library; Further Affiant states that he has limited law library resources;

[37]  Affiant states that the Library & Law Library at the Pickaway Correctional Institution has been **closed** on numerous working days that has slowed the Petitioner down;

[38]  Affiant states that he did <u>not</u> receive the trial court transcript record of proceedings until after the time period had expired on filing his direct appeal with the Ohio Supreme Court, and that Appellate Counsel was ineffective as a result of Appellate Counsel's failure to timely provide the trial transcript record of proceedings to Marcum, so as to have enabled Petitioner to raise ineffective claims on direct appeal to the Ohio Supreme Court;

[40]  Affiant states that he has exhausted all of his existing State Court remedies;

[41]  Affiant states that his Habeas Corpus Petition is not **"Time Barred"**;

(7)

[42]  Affiant states that he did not "Assault" Police Officer James Gross;

[43]  Affiant states that he did not "defraud" or attempt to "defraud" the Taxi Cab out of his services;

[44]  Affiant states that James Gross did "Assault" Marcum;

[45]  Affiant states that, due to his "indigency," Petitioner was unable to hire an attorney to represent this Petitioner on filing an Application for Reopening or Reconsideration of his Direct Appeal within the Ninety (90) Day time period;

[46]  Affiant states he did not receive a "Fair Trial" due to prosecutorial Misconduct; Ineffective Assistance of Counsel; And withholding evidence away from the jury;

[47]  Affiant states that the **Prior Ten Theft Convictions**, did present actual "prejudice" in the minds of the jury, which deprived Petitioner of his right to  a "fair trial" and of his right to the "effective assistance of counsel;"

[48]  Affiant states that "Structural Errors" are those errors that affect the 'entire conduct of the trial from beginning to end.'" (See: Quintero vs. Bell, 256 F.3d 409, 415 (6th Cir. 2001)) (Citing Arizona v. Fulminante, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)); And there are: "structure errors" attached in Petitioner/Marcum's trial court and appellate court proceedings that demonstrate a Fundamental Miscarriage of Justice;

[49]  Affiant states that there was insufficient evidence to support the juries verdict pertaining  Marcum's intent (mens rea) on proving a conviction for "defrauding a livery;"

[50]  Affiant states that he **did** act "Diligently" in discovering the material facts applicable in his case and Affiant states that he did act "diligently" in **presenting** those material facts to the State Courts;

(8)

[51]  Affiant states that there are "exceptional circumstances" in his case for purposes of issuing the Writ of Habeas Corpus Ad Testificandum ... and bring Petitioner/Marcum before the Court to testify;

[52] Affiant states that he **does** intend to present "oral arguments" in person before the Court in support of his claims for Habeas Corpus Relief ... and that the writ of habeas corpus ad testificandum should issue to bring him before the court to present "oral arguments."

WHEREFORE, Petitioner respectfully moves this Honorable Court to issue the Writ of Habeas Corpus Ad Testificandum, at the expense of the warden.

So sworn under declaration of penalty of perjury. EXECUTED ON THIS _iS_ DATE OF ___September___ , ___2003___ .

Ted Marcum, #417-097
Pickaway Correctional Institution
Post Office Box 209
Orient, Ohio 43146


## CERTIFICATE OF SERVICE

This is hereby to certify to that a true copy of the forgoing "Affidavit," has been served upon Mr. Stuart A. Cole, Assistant Ohio Attorney General, at: 140 East Town Street, Columbus, Ohio 43215, on this _15_ day of _September_ , _2003_ , By regular U.S. Mail, postage preafixed thereto.

Ted Marcum
Inmate No. 417-097
Pickaway Correctional Institution
P.O. Box 209
Orienr, Ohio 43146