FILED
KENNETH J. MURPHY
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**    03 SEP 24 PM 3: 06
**WESTERN DIVISION**

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| Ted Marcum, | : | |
| Petitioner, | : | Case No. C-1-02-425 |
| vs. | : | Honorable Judge Herman Weber |
| William A. Tanner, Warden, | : | Magistrate Judge Jack Sherman |
| Respondent. | : | |

<u>NOTIFICATION TO THE UNITED STATES DISTRICT COURT AND REQUEST TO ADVISE
THE UNITED STATES ATTORNEY GENERAL OF HIS RIGHT TO APPLY FOR
"INTERVENTION" PURSUANT TO 28 U.S.C. § 2403(a)</u>

Comes now the Petitioner, Ted Marcum, acting in <u>pro se</u>, who
hereby respectfully urges and submits to the United States District Court,
a request, asking the Court to serve notice upon the U.S. Attorney
General, and advising the Attorney General of his right to apply for
"Intervention," pursuant to 28 U.S.C. § 2403.

Petitioner states that he has challenged the Constitutionality
of the Anti-terrorism and Effective Death Penalty Act of (1996)
(Also Known As The [AEDPA]). Petitioner additionally challenged
the "Application" and/or the "Enforcement" of the Act, as unconsti-
tutionally applied towards "persons" who are <u>not</u> a "Death Penalty"
Case; Who are <u>not</u> "Terrorists;" Or persons who are <u>not</u> Immigrants.
**(See, Traverse Brief, Part No. I, Filed in May of 2003).**

In addition to filing a "Traverse" attacking the (AEDPA), the
Petitioner has filed a request with this Federal District Court for
assistance to secure "evidence" by Former President, William Clinton,
pertaining to the viability and constitutionality of the (AEDPA); And
a request to Mr. Clinton to define his "interpretation" on the scope of the Act.

(2)

It is accordingly respectfully requested to the District Court, for notice, advising the United States Attorney General of his right to Respond to the Petitioner's challanges raised by the Petitioner in his traverse Pleadings, (And any other Pleadings contestimg the [AEDPA]).

Section 2403, 28 U.S.C., provides in pertinent/relevant parts a duty to address or defend the Constitutionalty of an Act of Congress when the Act (or Statute) is challenged. Specifically, Section 2403 says in whole that:

> "... In any action, suit or **proceeding** in a court of the United States to which the United States or any agency, officier or employee thereof is **not** a party, wherein the constitutionalty of any Act of Congress affecting the public interest is drawn in question, the court **shall** certify such fact to the Attorney General, and **shall** permit the United States to intervene for **presentation of evidence,** if evidence is otherwise admissible in the case, **and for argument on the question of constitutionality.** The United States **shall,** subject to the applicable provisions of law, have all the rights of a party and subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."

**(Emphasis Added).**

In the present case, Petitioner argued in his **Traverse, Part No. I,** numerous claims attacking **both** the Constitutionality of the (AEDPA); As well as to its "application"and"Enforcement" on behalf of Non-Death Penalty Cases and Non-Terrorists. Although there is case authority which have held that it is **not** a "jurisdictional defect" on the part of the District Court for failing to certify the question of the Constitutionality of the Act being challenged, **See, generally, Wallach vs. Lieberman,** 366 F.2nd 254 (C.A. 2, 1966) (Holding that the District Court's failure to certify the question of the Constitutional attack on the Act of the federal statute to the Attorney General, did not divest the Court of "jurisdiction" to "rule" on the constitutionality of the federal statute) ... Petitioner believes that it is better practice

( 3 )

by the Federal Courts to "advise" the U.S. Attorney General that an
Act of Congress (or Federal Statute) has been challenged on Consti-
tutional Grounds. In fact, pursuant to Fed. Civ. Rule 24(c), suggest
that a "party" to an action challenging an Act of Congress should
file a inquiry  with the District Court reminding the Court of "[i]ts
consequential duty" to notify the Attorney General of its interven-
tion rights. **See, Also, Tonya K. by Diane K. vs. Board of Educ. of
City of Chicago, 847 F.2d 1243, 1247 (C.A. 7, 1988).**

In the present case, Petitioner/Marcum filed a Habeas Corpus
Petition challenging his State Court Conviction by the Butler County,
Ohio Court of Common Pleas for: [1] Assault on a Hamilton, Ohio City
Police Officer; [2] Defrauding a Livery; [3] Disorderly Conduct; And
[4] resisting Arrest. Petitioner was found "guilty" by a Jury Trial
in February of 1996. **(See: Butler County Comm. Pl. Case No. CR95-09-
0883).**

On June 11th, 2002, Petitioner/Marcum filed a Federal Habeas
Corpus Petition with Honorable District Court Judge Herman Weber and
Honorable Magistrate Judge Jack Sherman, Judges of the United States
District Court, Southern District of Ohio, Western Division, Cincinnati,
Ohio. **(See: Case No. C-1-02-425).** Petitioner did not cite the Anti-
terrorism and Effective Death Penalty Act(s) Amendments in his Habeas
Corpus Petition. The Magistrate issued an Order to Show Cause directed
to the State Attorney General of Ohio, and Ordering the Respondent to
file a "Return of Writ" Responding to the Grounds asserted in the Habeas
Corpus Petition. In August of 2002, the Assistant Ohio Attorney general

(4)

filed a "Return of Writ" on behalf of the Respondent, Warden William
Tanner. Thereafter, following a number of motion(s) for extension of
time, discovery of evidence, and motion(s) to compel the Respondent
to "Expand and Supplement the Record" (which were GRANTED, in part, by the Dis-
trict Court in February of 2003). The Respondent filed a supplemental
"Answer" in response to the Order compelling the Respondent to pro-
duce Medical Records (which the Respondent has failed to comply). In
May of 2003, Petitioner filed a **Two Part Traverse** Responding to the
"Return of Writ" and further raising constitutional challenges to the
validity of the Anti-Terrorism and Effective Death Penalty Act (1996). **F.N.1**

Petitioner now brings to the "attention" of this Federal Court, its
"consequential duty" to "notify" the United States Attorney General of
their right for intervention pursuant to **28 U.S.C. § 2403** and **Fed. Civ.
R. 24.**

It must be first pointed-out that a period of 4-months has passed
between the date that Marcum collaterally challenged these newly Habeas
Corpus Statutes **(through his Traverse Brief, Part No. I)**, up to todays
date. It must be further pointed-out that the Ohio Attorney General was
served with a copy of Petitioner's **Traverse Pleadings**, and that the
State of Ohio has remained silent by not contesting the Petitioner's
challenge(s) to the (AEDPA). Petitioner states that, for the sake of
thoroughness, and to allow the United States Attorney General an opper-
tunity to **present evidence** or **arguments** defending the (AEDPA), that the
Court in the case at bar, should contact the United States Attorney General

---

**F.N.1** Petitioner additionally has filed a Motion requesting an "evidentiary hearing"
and a request for appointment of "co-counsel" to assist this Petitioner. Additionally,
in light of the fact that Petitioner has submitted evidence by a published statement
signed by Former President William Clinton to support Petitioner's contentions that
the (AEDPA) is unconstitutional, is further reason warranting notification to the
U.S. Attorney General.

advising him that the newly enacted provisions of the [Habeas Corpus Statutes], setforth in the (AEDPA), are currently challenged on Constitutional Grounds; and further are challenged as applicable **only** towards: [1] Death Penalty Cases; [2] Terrorist(s); And [3] Matters pertaining to Immigration.

Petitioner further respectfully requests that a photo-copy of **all** pleadings filed in this Federal Habeas Corpus Proceeding be **served** upon the U.S. Attorney General, at **his** expense, See, **28 U.S.C. § 2403,** (holding in relevant part, that: "... [t]he United States ... have all the rights of a party and subject to all liabilities of a party as to **court costs** as to the extent necessary for a proper presentation of the facts and law relating to the question of Constitutionality.")

Petitioner further respectfully moves this Honorable Court for an ORDER ... directing the United States Attorney General to file an "answer," no later than Twenty (20) Days from the date that he receives the Notification by the Court. The "answer" must inform the Court, and all parties herein, of the U.S. Attorney's decision whether He does intend to file an application for intervention; or whether He does not intend to file an application for intervention.

If in the event the Attorney General does choose to exercise his intervention rights, Petitioner moves the Court to ORDER the U.S. Attorney General to file his Brief or Memoranda by no later than Sixty (60) additional days from the date receiving the Court's Order.

If in the event the Attorney General fails to comply with the "timeliness" requirements, as set by the Court, Petitioner moves the Court to find that the Attorney General has "forfeited" his right to apply for intervention. **F.N.2**

When applying a **timeliness** rule under Civ. R. 24(a), Petitioner requests this Court to apply it as an **abuse of discretion.** <u>Vollmer</u> v. <u>Publishing Clearing House</u>

---

**F.N. 2**   Fed. Civ. R. 24(a) requires a "timeliness" test when applying for Intervention. See, <u>Association Building & Contractors, Inc.</u> vs. <u>Herman</u>, 166 F.3d 1248, 1257 (D.C. 1999). Any substantial lapse in time weighs heavily against intervention. See, U.S. vs. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996). The timeliness Rule means that that the intervenor/applicant must "act with dispatch." See, <u>Atlantic Mutual Insurance Co.</u> vs. <u>Northwest Airlines, Inc.</u>, 24 F.3d 958, 961 (7th Cir. 1994).

(6)

**Subscriptions, Inc.**, 248 F.3d 698, 705 (7th Cir. 2001) (Holding that timeliness on the part of the United States delay in failing to file for intervention is reviewed based on an "abuse of discretion.")

Accordingly, Petitioner respectfully moves this Honorable Court to send no-tification to the United States Attorney General, with an ORDER directing the U.S. Attorney General that he has only Twenty (20) days to file an answer to the notice indicating whether he (the U.S. Attorney General) does or does not intend to "intervene;" And, if the U.S. Attorney General does indicate a desire to in-tervene, within that Twenty (20) day time period, it is requested by the Petition-er, that an additional Sixty (60) day period be provided to the U.S. Attorney General on the filing of any Memoranda or Brief.

As an outset, Petitioner points-out that, although he (Petitioner/Marcum) has not filed a **Declaratory Judgment Action** challenging the (AEDPA), does not mean that the Petitioner has properly challenged the (AEDPA) through his **Traverse** in his **Habeas Corpus Action.**

Simply stated, it is the believe that the Petitioner can attack the constitu-tionality, as well as the applicability, or scope of the (AEDPA), through an ac-tion in Federal Habeas Corpus Proceedings.

In support, Petitioner relies upon the decision decided by the United States Supreme Court. See: **Calderon v. Ashmus**, 523 U.S. 740, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) (Holding that Habeas Corpus, Not Declaratory Judgment, is the appropri-ate remedy to use to determine the effective "statute of limitations" in Habeas Corpus Cases). Thus, Petitioner correctly used his **Traverse Brief** as a response to the State of Ohio's Return of Writ to challenge the (AEDPA), through this **habeas corpus action.** Further, Petitioner points-out that, although the Petitioner never initially "challenged" the (AEDPA) through his **Habeas Corpus Petition,** does not

mean that the Petitioner is underlined precluded from collaterally challenging the (AEDPA) through his **Traverse Pleading(s)**. The Respondent in this case raised the (AEDPA) as a "heighten" standard in Federal Habeas Corpus Proceedings. In Response, the Petitioner rebutted the Return of Writ, and challenged the (AEDPA). Thus, it is the opinion of this Petitioner that he did **properly** challenge the (AEDPA), on Constitutional Grounds, through his **Traverse Pleading(s)**. **F.N.3**

In the present case, as noted above, Petitioner has requested a "subpoena" to secure "evidence" by Former President, William Jefferson Clinton. Petitioner says that on April 24, 1996, President Clinton signed a "Statement" on the Anti-terrorism and Effective Death Penalty Acts indicating that: [1] He signed the Bill to "commbat terrorism;" [2] He signed the Bill to limit the "unlimited streamline" of Federal Appeals challenging "Death Penalty" Cases; and [3] Mr. Clinton stated in his "Statement" that the (AEDPA) would raise serious constitutional challenges to the (AEDPA) if it were read to "undermine" meaningful Federal Habeas Corpus Review by Federal Judges within their "respected jurisdictions." (See: **Exhibited [A] Attached to Part I, Traverse**). **F.N.4**

In addition to Constitutional Challenges, Petitioner raised in this Habeas Corpus Proceeding: [1] "Actual Innocence;" [2] "Fundemental Miscarriage of justice;" [3] "Equity;" and [4] "Common Law" Powers retained by the Federal Courts to issue all writs of habeas corpus. **F.N. 5**

---

**F.N. 3** The Supreme Court held that pro se Habeas Corpus Petitions and social security applications must be construed in a "less stringent standard" than attorneys of the Bar. See: **Hughes v. Rowe**, 449 U.S. 5, 101 S.Ct. 173 (1980); **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Thus, Petitioner moves this Court to entertain his "Traverse" as a proper Responsive Pleading to Challenge an Act of Congress as unconstitutional.

**F.N. 4** Judicial Notice was taken that Mr. Clinton signed the (AEDPA) "sometime in the afternoon" on April 24, 1996, on the South Lawn of the Rose Garden outside the White House. See: **Mincey v. Head**, 206 F.3d 1106, 1131, N.58 (11th Cir. 2000).

**F.N. 5** Petitioner raised the Suspension Clause; Separation of Powers Doctrine; The Doctrine of "Ejusdem generis;" The Judiciary Act; The War Powers Act; And Violations under Art. I,II,III,VI, U.S. Const., And the 1st,5th,9th,10th and 14th Amendments. (**See, Part No. I, Traverse**).

(8)

In addition to the above, Petitioner has found cases where the Federal Courts have authorized § 2241(c) to challenged State Court Convictions, notwithstanding the fact that § 2254 is the main Statute on behalf of State Prisoners. See e.g., Montez v. McKinna, 208 F.3d 862, 864-869. Moreover, Circuit Court Judge McKay, Tenth Circuit, pointed-out that § 2241 has been effectively used to address certain State Prisoners Petitions either prior to the "execution" of a sentence; or to challenge "parole" violation matters. Id. 869-871.

   In Marcum's case, he filed a Petition under § 2254 attacking his conviction, as well as a Habeas Corpus Ad Testificandum Petition requesting to brought to a "hearing" under § 2241. Moreover, in light of the fact that Marcum's "parole" was "revoked" on the underlying criminal convictions pertaining to the Assault Charge; Defruading a Livery; Resisting Arrest; and Disorderly Conduct, is further reason authorizing Petitioner/Marcum to attack his State Court Convictions under both: §2241 and §2254. See Montez at: 865 (Holding: "[n]oting and implicitly approving fact that state prisoner was proceeding pursuant to both §§ 2241 and 2254;") (Citing Cooper v. Schear, Nos. 98-1158, 1159, 1999 WL 140447, at *1 (10th Cir. Jan. 15, 1999), unpublished disposition.) F.N. 6

   Moreover, the United States Supreme Court authorized a state prisoner to properly rely upon § 2241 while he was on "parole" as the proper statutory relief under the "in custody" doctrine. See, Jones v. Cunningham, 371 U.S. 236, 236, 241, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Cf. See, also, Liang v. I.N.S., 206 F.3d 308, 317 (2000) (applying Felker v. Turpin, 518 U.S. 651, 116 S.Ct. 2333, 135 L.ED.2d 827 (1996)) (Noting that the [AEDPA] did not "repeal" the jurisdiction of the U.S. Supreme Court to grant writs of habeas corpus as an "original action" under §2241).

---

F.N. 6 However, there is split authority to the contrary, See, Coady v. Vaughn, 251 F.3d 480, 484-486 (3rd Cir. 2001) (Holding that in light of Congressional enactment under § 2254, as opposed to § 2241, is the appropriate statutory remedy that State Prisoners must apply under in Federal Habeas Corpus Proceedings) But, Cf., See: Hunt v. Tucker, 875 F.Supp. 1487, 1493, N.2 (N.D. Ala. 1995) (Holding that §§ 2241 through 2255 were enacted in Response to the British Habeas Corpus Act of 1679, and further holding that the Suspension Clause, Art. I, § 9, ¶ 2, is made applicable upon the States through the 14th Amendment) Id at: 1493-94.

(9)

In any event, Petitioner states that this Federal Habeas Corpus Proceeding is brought pursuant to §§ 2241 and 2254, U.S.C. Petitioner further invoked the "jurisdiction" of this Honorable Federal Court pursuant to Art. I, § 9, ¶ 2, ("Suspension Clause"); Art. III, § 1 and § 2, ("Judiciary" Article of the U.S. Constitution); Art. VI ("Supremecy Clause"); And pursuant to the Due Process Clause(s) of the 5th and 14th Amendment(s), as made applicable through to the individual States.

Turning now to other related matters. Pursuant to Fed. Civ. R. 24(a)(2) provides that the U.S. Attorney General shall be allowed to "intervene" unless: "... [t]he applicant's **interest** are **adequately** represented by existing parties." **Id.** Under this standard, the Sixth Circuit has articulated the right to intervene by explaining an established Three Elements Tests:  [1] An interest in the subject matter of the pending litigation; [2] A substantial risk that the litigation will impair the interst; And [3] Existing parties do not **adequately** protect that interest. See, <u>Americans United for Separation of Church and State</u> vs. <u>City of Grand Rapids</u>, 922 F.2d 303, 305 (6th Cir. 1990); See, Also, <u>Jordan</u> vs. <u>Michigan Conference of teamsters Welfare Fund</u>, 207 F.3d 854, 863 (6th Cir. 2000) (Setting-forth a Five (5) part element Test).

In the present case, it must be taken under advisement that the Ohio State Attorney General, Jim Petro, **has not** filed a response in opposition to Marcum's **Traverse, Part I,** which challenges the (AEDPA). Although Marcum himself raised legal claims on **both-points-of-view** pertaining to the scope of the (AEDPA) ... it is requested that the U.S. Attorney General be afforded an opportunity to raise any claim he or she has to offer on the subject.

Petitioner further would appreciate the assiatance of any other "interested party" to file "intervention" (such as: The American Bar Association or the Civil Liberties Union). Petitioner asketh the United States District Court allow these other legal associations to be brought in under "intervention" or as a "friend"

(10)

of the Court by asking the American Bar Association and The Civil Liberties Union to file a amicus curiae brief in support of the Petitioner's stance of the (AEDPA). **F.N. 7**

WHEREFORE, Petitioner moves the Court to advise all "interested" persons to apply for "intervention" or as amicus curiae.

**Very Respectfully Submitted,**

*Ted Marcum*

Ted Marcum, Petitionr, pro se

---

**F.N. 7** Petitioner found one case by the Second Circuit Court of Appeals, **See, Rowe v. Peyton, 383 F.2d 709 (4th Cir. Va., 1967)**, which held: "[T]he writ of habeas corpus is not a creature of a legislature. It was a device fashioned by the common law courts to protect and extend their own jurisdiction" **Id at: 715 Aff'd. 88 S.Ct. 1549, 391 U.S. 54, 20 L.Ed.2d 426 (1967))**.

## CERTIFICATE OF SERVICE

This is hereby to certify to that a true copy of the above forgoing Notification was sent to all of the below aggencies or persons by regular U.S. Mail, postage preafixed thereto, on the _15th_ day of _September_ , _2003_ .

cc:

Mr. John Ashcroft
U.S. Attorney General
5137 Robert F. Kennedy Bldg.
10th Street St. & Constituion ave. NW
Washington, D.C. 20530

Mr. Stuart A. Cole
Assistant Ohio Attorney General
State Office Tower
140 East Town Street
Columbus, Ohio 43215

Mr. Jeffery M. Brandt
Attorney at Law
11331 Grooms Road, Suite 3000
Cincinnati, Ohio 45242

*Ted Marcum*

Ted Marcum, petitioner, pro se
Inmate No. 417-097
Pickaway Correctional Institution
P.O. Box 209
Orient, Ohio 43146