## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Ted Marcum,
    Petitioner

vs                           Case No. 1:02cv425
                              (Weber, J.; Sherman, M.J.)

William Tanner,
    Respondent

### ORDER

This habeas action brought pro se pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motions entitled "Motion Requesting A Reconsideration; Motion Requesting To Enforce Execution Of Judgment; Or Motion Requesting To Hold Respondent In Default" (Doc. 22), "Motion For Evidentiary Hearing . . . And Consolidated Motion Requesting Appointment Of 'Co-Counsel' To Assist Petitioner" (Doc. 23), "Motion For Habeas Corpus Ad Testificandum" (Doc. 24), "Request To Advise The United States Attorney General Of His Right To Apply For 'Intervention' Pursuant To 28 U.S.C. § 2403(a)" (Doc. 25), and "Motion To Amend Habeas Corpus Relief" (Doc. 26).

Petitioner's motion to amend his habeas corpus petition to name the Ohio Adult Parole Authority (OAPA) and State of Ohio as respondents (Doc. 26) is GRANTED to the extent that the caption of the case is hereby AMENDED to reflect that the OAPA is replacing William Tanner, the Warden of Pickaway Correctional Institution, as respondent. Because petitioner apparently has been released on parole, the OAPA is now the proper party respondent as the state correctional agency which has "custody"

of petitioner.  *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (Advisory Committee Notes, Subdivision (b), Example (2)).

Petitioner's motions for evidentiary hearing and appointment of counsel (Doc. 23), motion for writ of habeas corpus ad testificandum (Doc. 24), and "Request To Advise The United States Attorney General Of His Right To Apply For 'Intervention'" (Doc. 25) are DENIED.

Petitioner's motion (Doc. 22) requesting reconsideration of this Court's Order filed February 10, 2003 (*see* Doc. 19) is GRANTED only to the extent the Court will accept for consideration petitioner's "two-part traverse" filed on May 5, 2003.  In all other respects, the motion for reconsideration, to enforce execution of judgment, and to hold respondent in default (Doc. 22) is DENIED.   However, because the record before this Court does not contain the respondent's "Answer" and attached exhibit from the Butler County Jail's physician regarding the destruction of petitioner's "medical file," which petitioner states were filed in March 2003 in response to the February 10, 2003 order (*see* Doc. 22, p. 2), respondent is hereby ORDERED to file those documents with this Court within twenty (20) days of the date of filing of this Order.

IT IS SO ORDERED.


Date:   3/8/04                              s/David S. Perelman
         cbc                                David S. Perelman
                                            United States Magistrate Judge


J:\BRYANCC\2004 habeas orders\02-425bidenmtns.wpd