FILED
JAMES BONINI
CLERK

04 MAY -4 PM 3:41

IN THE U.S. DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

TED MARCUM,                    :    CASE NO. C-1-02-425

    PETITIONER,

    VS.                        :    HONORABLE JUDGE WEBER

OHIO ADULT PAROLE

AUTHORITY ET AL.,              :    MAGISTRATE JUDGE SHERMAN

    RESPONDENT.

---

PETITIONER'S SUPPLEMENTAL PLEADING  REQUESTING
APPOINTMENT OF CO-COUNSEL AND EVIDENCE HEARING.,
AND PETITIONER'S  SUPPLEMENTAL RESPONSE
TO RESPONDENT'S SUPPLEMENTAL PLEADING.

---

TED MARCUM                          STUART A. COLE
239 NORTH 9TH STREET                ASSNT. ATTY. GENERAL
HAMILTON, OHIO 45011                150 EAST GAY STREET
                                    COLUMBUS, OHIO 43215


PRO SE FOR PETITIONER               COUNSEL FOR RESPONDENT

MEMORANDUM                    P. 2

NOW COMES THE PETITIONER, TED MARCUM, ACTING IN PRO SE, WHO RESPECTFULLY COMES BEFORE THE COURT ON A THREE-PART MOTION:

1) PETITIONER MOVES THE COURT TO GRANT HIS REQUEST ON THE FILING OF THIS SUPPLEMENTAL PLEADING IN SUPPORT OF HIS MOTION FOR THE APPOINTMENT OF CO-COUNSEL.;

2) PETITIONER MOVES THE COURT TO GRANT HIS REQUEST ON THE FILING OF THIS SUPPLEMENTAL PLEADING IN SUPPORT OF HIS MOTION FOR AN EVIDENTIARY HEARING.;

3) PETITIONER MOVES THE COURT TO GRANT HIS REQUEST ON THE FILING OF THIS "SUPPLEMENTAL PLEADING" IN RESPONSE TO THE RESPONDENT'S RECENT SUPPLEMENTAL PLEADING FILED IN MARCH OF 2004.

FOR THE REASONS SET-FORTH BELOW, PETITIONER, TED MARCUM, RESPECTFULLY MOVES THIS HONORABLE FEDERAL COURT TO GRANT ALL THREE REQUESTS, AS CAPTIONED ABOVE, IN RELATION TO THE PROCEEDINGS OF THIS HABEAS CORPUS ACTION.

P. 3

# I

## APPOINTMENT OF CO-COUNSEL

PETITIONER HAS FILED A MOTION WITH THE COURT ASKING FOR AN APPOINTMENT OF "CO-COUNSEL" TO ASSIST THE PETITIONER. SPECIFICALLY, PETITIONER REQUESTED TO APPOINT MR. JEFFREY BRANDT, A LOCAL CINCINNATI LAWYER, AS CO-COUNSEL.

PETITIONER STATES, DEPOSES AND SAYS, UNDER DECLARATION OF PENALTY OF PERJURY, THAT THIS PETITIONER HAS HAD A RECENT PHONE CONVERSATION WITH MR. BRANDT, AND, MR. BRANDT IS STILL INTERESTED AND WILLING TO ACT AS "CO-COUNSEL" TO ASSIST THIS PETITIONER IN THIS HABEAS CORPUS ACTION PROVIDED HOWEVER, ONLY "IF" THE COURT "GRANTS" TO APPOINT MR. BRANDT AS "CO-COUNSEL" UNDER THE CRIMINAL JUSTICE ACT AND THE FEDERAL IN FORMA PAUPERIS STATUTE.

PETITIONER FURTHER DEPOSES, STATES, AND SAYS, UNDER DECLARATION OF PENALTY OF PERJURY, THAT THE PETITIONER

P. 4

IS CURRENTLY "INDIGENT" WITHIN THE MEANING OF BOTH FEDERAL OR STATE LAW., AND, IN FACT, PETITIONER'S SOLE INCOME IS $141.00 IN GOVERNMENT AID (FOOD STAMPS) PAID TO THE PETITIONER ON A MONTHLY BASIS BY THE OHIO WELFARE PROGRAM.

PETITIONER FURTHER STATES THAT HE IS UNEMPLOYEED. PETITIONER STATES THAT: HE DOES NOT OWN OR POSSESS ANY ASSETS., NO REALESTATE., NO MOTOR VEHICLES., NO LAND OR PROPERTIES., NO STOCKS., NO BONDS., NO SAVINGS ACCOUNT., NO CHECKING ACCOUNT., NO JEWELRY., AND NO MONIES OF ANY MEANINGFUL VALUE., AND, ACCORDINGLY, RESPECTFULLY MOVES THIS HONORABLE COURT FOR A DECLARATION DECLARING THE PETITIONER TO BE WHOLLY "INDIGENT" PURSUANT TO THE FEDERAL IN FORMA PAUPERIS STATUTE, AND THE CRIMINAL JUSTICE ACT.

IN CONCLUSION, PETITIONER STATES THAT, IN THE INTEREST OF JUSTICE, AND ESPECIALLY IN LIGHT OF THE UNIQUE LEGAL CLAIMS ASSERTED THROUGHOUT THE ENTIRE COURSE OF ALL PROCEEDINGS, APPOINTMENT OF "CO-COUNSEL" IS HEREBY PRAYED FOR.

P. 5

## II
## EVIDENTIARY HEARING

PETITIONER HAS FILED A MOTION REQUESTING AN "EVIDENTIARY HEARING." IT IS RESPECTFULLY REQUESTED THAT A HEARING BE SCHELDULED IN THE CASE SUB JUDICE.

PETITIONER STATES THAT HE DOES INTEND TO TESTIFY AT THE ACTUAL HEARING. PETITIONER FURTHER STATES THAT HIS "TESTIMONY" WILL CLARIFY DISPUTES MADE IN THE RECORD. AND, FURTHER, PETITIONER STATES THAT HIS TESTIMONY WILL ACT AS AN "AID" TO THE COURT. (i.e., THE COURT'S "DECISIONAL PROCESS," WHICH INCLUDES BOTH: ORAL AND CLOSING ARGUMENTS.)

IN CONCLUSION, PETITIONER STATES THAT IT IS A WELL ESTABLISHED RIGHT OF "DUE PROCESS OF LAW," THAT A PERSON HAS A RIGHT TO PERSONALLY APPEAR AND BE HEARD, WITH THE ASSISTANCE OF COUNSEL, AT A "HEARING" TO WHICH THE RIGHT OF LIBERTY AND JUSTICE IS INVOLVED.

P. 6

## III

## PETITIONER'S SUPPLEMENTAL PLEADING

IN MARCH OF 2004, THE COURT GRANTED PETITIONER'S MOTION FOR "RECONSIDERATION" PURSUANT TO FED. CIV. R. 60(B). THE COURT ORDERED THE RESPONDENT TO PRODUCE MEDICAL RECORDS KEPT BY THE BUTLER COUNTY JAIL PERTAINING TO INJURIES THAT POLICE OFFICER JAMES GROSS INFLICTED UPON MARCUM DURING AN ALTERCATION THAT OCCURED ON SEPTEMBER 21, 1995.

THE MEDICAL RECORDS IN QUESTION WOULD HAVE IMPEACHED OFFICER JAMES GROSS TRIAL COURT TESTIMONY, AND FURTHER WOULD HAVE SHOWN TO THE JURY THAT OFFICER GROSS DID, IN FACT, ASSAULT MARCUM.

UNFORTUNATELY, DUE TO INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, COUPLED WITH THE FACT THAT THE ASSISTANT BUTLER COUNTY PROSECUTING ATTORNEY HAD PURPOSELY MISLED DEFENSE COUNSEL TO BELIEVE THAT MEDICAL RECORDS WERE GOING TO BE "SUBPOENA" BY THE PROSECUTOR, BUT WERE PURPOSELY "ABANDONED" BY

THE PROSECUTOR AT TRIAL ... THE JURY WAS NEVER
PROVIDED WITH THE OPPERTUNITY TO EVALUATE
THIS MEDICAL RECORD EVIDENCE.

IN FACT, THE POLICE AND THE ASSISTANT
BUTLER COUNTY PROSECUTOR, KNOWINGLY AND
PURPOSELY SUBMITTED PERJURED EVIDENCE
TO THE JURY CONTAINING FABRICATED EVIDENCE
DISCLAIMING "NO INJURIES" WHATSOEVER.

IF HAD MARCUM'S MEDICAL RECORDS BEEN
DISCLOSED TO THE JURY, THIS MEDICAL RECORD
EVIDENCE WOULD HAVE SHOWN TO THE JURY
THAT POLICE OFFICER JAMES GROSS DID
ASSAULT MARCUM., AND FURTHER WOULD HAVE
IMPEACHED THE PERJURED EVIDENCE THAT
WAS PRESENTED TO THE JURY BY THE
POLICE AND PROSECUTOR.

DUE TO DEFENSE COUNSEL FAILURE TO
SUBPOENA THE MEDICAL RECORDS AT TRIAL,
DEMONSTRATES THAT COUNSEL ASSISTANCE
FELL BELOW THE LEVEL OF COMPETENT
COUNSEL. MOREOVER, DEFENSE COUNSEL
"IGNORANCE" FOR "TRUSTING" THE PROSECUTOR,
THAT "TRICKED" DEFENSE COUNSEL, LIKEWISE
DEMONSTRATES "INEFFECTIVE ASSISTANCE OF COUNSEL."

P. 8

IN ADDITION TO THE ABOVE, APPELLATE COUNSEL, FRED MILLER, WAS "INEFFECTIVE" DUE TO HIS FAILURE TO RAISE AS AN ASSIGNMENT ERROR, (ON DIRECT APPEAL), THE SPECIFIC CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE.

TURNING NOW TO PETITIONER'S "SUPPLEMENTAL PLEADING" PERTAINING TO MEDICAL RECORDS ... AND PERTAINING TO INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON DIRECT APPEAL... PETITIONER/MARCUM OFFERS THE FOLLOWING STATEMENTS OF FACTS:

FIRST, IT MUST BE REMINDED THAT THE COURT IN THE CASE SUB JUDICE, HAD RECENTLY ORDERED THE RESPONDENT TO OBTAIN AND FILE THE "MEDICAL RECORDS" THAT THE DOCTOR AT THE BUTLER COUNTY JAIL HAD TRANSCRIBED ON SEPTEMBER 21ST, 1995, (i.e., THE SAME MEDICAL RECORD THAT DEFENSE COUNSEL, MARY LOU KUSEL, FAILED TO SUBPOENA AT TRIAL).

SECONDLY, THE RESPONDENT READILY ADMITS THAT THE MEDICAL RECORDS WERE "DESTROYED" BY THE CUSTODIUM OF SAID RECORDS.

RATHER THAN ACCEPT RESPONSIBILITY FOR THE DESTRUCTION OF MEDICAL RECORDS AT THE HANDS OF GOVERNMENT OFFICIALS, THE RESPONDENT NOW REMARKABLY ALLEGES THAT IT WAS PETITIONER/MARCUM'S FAULT FOR FAILING TO PRESENT THE MEDICAL RECORDS SOONER.

ADDITIONALLY, RESPONDENT ALLEGES TWO OTHER ALLEGATIONS: 1) RESPONDENT STATED IN HIS SUPPLEMENTAL MEMORANDA THAT MARCUM FAILED TO EXPLAIN "WHY" THE MEDICAL RECORDS WERE UNAVAILABLE AT TRIAL OR ON DIRECT APPEAL., AND 2) RESPONDENT ALLEGES THAT THIS COURT CAN-NOT GRANT HABEAS CORPUS RELIEF IN THIS CASE BECAUSE IN LIGHT OF THE HEIGHTEN STANDARD OF THE (A.E.D.P.A) PRECLUDES A FEDERAL COURT FROM ISSUING HABEAS CORPUS RELIEF.

RESPONDENT STATED IN HIS SUPPLEMENTAL MEMORANDA THAT DUE TO MARCUM'S FAILURE TO PRESENT THE MEDICAL RECORDS TO THE STATE COURTS, PRECLUDES A FEDERAL COURT FROM EXAMINING THAT EVIDENCE AND GRANTING HABEAS RELIEF BASED ON THAT EVIDENCE.

P. 10

## A.

## FAILURE TO EXPLAIN AND

## FAILURE TO PRESENT

CONTRARY TO RESPONDENT'S ALLEGATIONS, PETITIONER/MARCUM DENIES ALL ALLEGATIONS ALLEGED BY THE RESPONDENT.

NAMELY, PETITIONER HEREBY DEPOSES, STATES, AND SAYS THAT HE EXHAUSTED EVERY POSSIBLE AVENUE TO INSURE THAT THE MEDICAL RECORDS WERE GOING TO BE SUBPOENAED AT TRIAL AND ON DIRECT APPEAL. FOR EXAMPLE, PETITIONER SPECIFICALLY TOLD DEFENSE COUNSEL, MARY LOU KUSEL, PRIOR TO TRIAL, TO "SUBPOENA" MARCUM'S MEDICAL RECORDS. DEFENSE COUNSEL STATED THAT WASN'T NECESSARY TO "SUBPOENA" THE MEDICAL RECORDS BECAUSE THE PROSECUTOR, JOHN J. McCRACKEN, HAD NAMED THE MEDICAL RECORDS IN HIS RESPONSE TO DISCOVERY REQUESTS., AND THAT THE MEDICAL RECORDS WOULD BE "SUBPOENA" BY THE PROSECUTOR. ALTHOUGH THE PROSECUTOR ACKNOWLEDGED THE EXISTENCE OF MARCUM'S MEDICAL RECORDS IN DISCOVERY ... A

P. 11

TURN OF EVENTS OCCURED AT TRIAL. AT TRIAL, THE MEDICAL RECORDS WERE NEVER INTRODUCED BY THE PROSECUTOR. IN FACT, THE PROSECUTOR ALLOWED IT TO APPEAR THAT "NO INJURIES" WERE INFLICTED UPON MARCUM WHATSOEVER.

ADDITIONALLY, THE PROSECUTOR SUBMITTED A SO-CALLED "MEDICAL REPORT" TO THE JURY PREPARED BY OFFICER JAMES GROSS. THIS SO-CALLED "MEDICAL REPORT" STATED THAT MARCUM DID NOT HAVE "NO INJURIES" WHATSOEVER. THIS SAME "MEDICAL REPORT" STATED THAT MARCUM VERBALLY AND EXPRESSLY "REFUSED MEDICAL TREATMENT ALTOGETHER." (NOTE: THIS IS A DIRECT CONTRADICTION BY POLICE OFFICER JAMES GROSS, BECAUSE THE OFFICER ALSO STATED THAT MARCUM "REFUSED TO ANSWER ALL BOOKING QUESTIONS THAT JAMES GROSS HAD ASKED." WHY WOULD MARCUM ANSWER TO "REFUSING" TREATMENT, BUT AT THE SAME TIME REFUSE TO "ANSWER ALL BOOKING QUESTIONS?" THE ANSWER IS SIMPLE: JAMES GROSS CONTRADICTED HIMSELF AND LIED. MOREOVER, THE "MEDICAL REPORT" PREPARED BY JAMES GROSS WAS A PERJURED DOCUMENT AND SHOULD HAVE NEVER BEEN DISCLOSED TO THE JURY!)

P. 12

IN ADDITION, THE SO-CALLED "MEDICAL REPORT" SHOULD NOT HAVE BEEN ADMITTED INTO AS EVIDENCE BASED ON THE SIMPLE FACT THAT POLICE OFFICER JAMES GROSS IS NOT A LICENSED PHYSICIAN, AND HE CAN-NOT GIVE A LEGAL/MEDICAL OPINION TO THE JURY.

IN THE PRESENT CASE, THE RESPONDENT SAYS THAT MARCUM FAILED TO PRESENT THE MEDICAL RECORD EVIDENCE., RESPONDENT FURTHER SAYS THAT MARCUM HAS FAILED TO EXPLAIN "WHY" THE MEDICAL RECORD EVIDENCE WAS UNAVAILABLE.

AS NOTED ABOVE, MARCUM DID TELL HIS TRIAL COUNSEL, MS. KUSEL, TO "SUBPOENA" THE MEDICAL RECORDS. NOT ONLY THAT, BUT THE ASSISTANT BUTLER COUNTY PROSECUTOR, MR. MCCRACKEN, INDICATED IN HIS RESPONSE TO DISCOVERY THAT THE MEDICAL RECORDS WOULD BE PRESENTED AS PART OF THE EVIDENCE TO BE DISCLOSED AT TRIAL.

IN ADDITION TO THE ABOVE, MARCUM HIMSELF TESTIFIED AT TRIAL. MARCUM TOLD THE JURY THAT HE WAS "ASSAULTED" BY JAMES GROSS. MARCUM TOLD THE JURY THAT HE DID RECEIVE "INJURIES" BY JAMES GROSS.

P. 13

MARCUM TOLD THE JURY THAT THE DOCTOR AT THE BUTLER COUNTY JAIL HAD TRANSCRIBED THE INJURIES IN THE MEDICAL RECORDS. MARCUM HAD ASKED THE PROSECUTOR, IN FRONT OF THE JURY, "WHERE ARE THE MEDICAL RECORDS?" THE PROSECUTOR STATED: "IN A MINUTE" INDICATING THAT HE WOULD SUBMIT THEM INTO AS EVIDENCE, BUT THE PROSECUTOR NEVER DID. MARCUM ALSO TOLD THE JURY THAT HE (MARCUM) HAD CALLED THE "F.B.I" ASKING THE F.B.I TO INVESTI- GATE OFFICER GROSS FOR ASSAULTING MARCUM. BUT THE F.B.I TOLD MARCUM TO GET "A GOOD LAWYER." MARCUM CALLED THE F.B.I ON SEPTEMBER 21ST, 1995, FROM THE BUTLER COUNTY JAIL, (i.e., THE SAME DATE THAT MARCUM WAS ARRESTED ON).

IN ADDITION, MARCUM HAD ASKED THE STAFF, JAILOR, AND SHERIFF AT THE BUTLER COUNTY JAIL FOR A "COPY" OF THE MEDICAL FILE. MARCUM WAS TOLD THAT HIS "LAWYER" HAD TO SUBPOENA THE MEDICAL FILE. AFTER MARCUM'S CONVICTION, MARCUM SENT LETTERS TO THE COUNTY JAIL AGAIN ASKING FOR THE MEDICAL RECORDS. MARCUM WAS TOLD THAT THE MEDICAL RECORDS

P. 14

HAD BEEN "TRANSFERED" INTO "STORAGE" SOME-
WHERE IN BUTLER COUNTY. (MARCUM NEVER DID
FIND OUT WHERE THE RECORDS WENT IN STORAGE
AT).

AFTER THE VERDICT WAS READ, FINDING
MARCUM "GUILTY," MARCUM VERBALLY MOVED
THE TRIAL COURT FOR AN "AQUITAL" AFTER
VERDICT, OR TO GRANT MARCUM A "NEW
TRIAL." MARCUM STATED THAT THE MEDICAL
RECORDS HAD NOT BEEN SUBMITTED TO THE
JURY. MARCUM ALSO SAID THAT POLICE OFFICER
JAMES GROSS MADE CONTRADICTORY STATEMENTS
TO THE JURY.

JUDGE SAGE RULED THAT BOTH PARTIES
HAD "PLENTY OF TIME" TO SUBPOENA ALL
THE EVIDENCE. THEREFORE, JUDGE SAGE DENIED
MARCUM'S VERBAL MOTION FOR AN "AQUITAL
AFTER VERDICT" OR TO GRANT A "NEW TRIAL."

ON DIRECT APPEAL, FRED MILLER,
NEVER RAISED ANY OF THESE CLAIMS ON
APPEAL. HOWEVER, MARCUM HIMSELF
RAISED THEM ON DIRECT APPEAL THROUGH
MARCUM'S APPLICATION FOR RECONSIDERATION
AND REOPENING OF THE DIRECT APPEAL.

P. 15

MARCUM AGAIN RAISED THESE CLAIMS WITH THE
SUPREME COURT OF OHIO ON DIRECT APPEAL FROM
THE ORDER DENYING MARCUM'S APPLICATION FOR
RECONSIDERATION AND REOPENING OF THE DIRECT APPEAL.

IN CONCLUSION, MARCUM HIMSELF MORE THAN
ADEQUATELY ATTEMPTED TO FAIRLY PRESENT THE
MEDICAL RECORD EVIDENCE TO THE STATE COURTS.

THE MERE FACT THAT THE STATE COURTS
FAILED TO GRANT MARCUM A "NEW TRIAL" OR
"REOPEN" THE DIRECT APPEAL ITSELF, IN ORDER
TO PRESERVE THAT EVIDENCE FROM BEING
"DESTROYED" ... DOES NOT MEAN THAT MARCUM
FAILED TO ACT "DILIGENTLY." RATHER, THIS
SUGGESTS THAT THE STATE COURTS HAD THE
OPPERTUNITY TO REVIEW THE MEDICAL RECORD
EVIDENCE UNDER THE GUISE OF "INEFFECTIVE
ASSISTANCE OF COUNSEL," BUT THE STATE
COURTS THEMSELVES CHOSE NOT TO DO SO.

WHEREFORE, PETITIONER RESPECTFULLY MOVES
THE COURT TO HOLD THE GOVERNMENT OFFICIALS ACCOUNTABLE
FOR "DESTROYING" MEDICAL RECORD EVIDENCE.
PETITIONER FURTHER MOVES THE COURT TO HOLD
THAT THE STATE COURTS WERE "FAIRLY PRESENTED" WITH
THE OPPERTUNITY TO EXAMINE THE MEDICAL

P. 16

RECORD EVIDENCE, BUT THE STATE COURTS ELECTED NOT TO DO SO. AND, FINALLY, PETITIONER MOVES THE COURT FOR A DECLARATION DECLARING THAT MARCUM WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, AND ON DIRECT APPEAL, IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

ALTERNITIVELY, PETITIONER MOVES THE COURT TO ADJUDICATE ALL CLAIMS PURSUANT TO THE 8TH AND 14TH AMENDMENTS, WHICH AUTHORIZES A FEDERAL JUDGE TO ISSUE THE WRIT OF HABEAS CORPUS, TO CORRECT A FUNDAMENTAL MISCARRIAGE OF JUSTICE, AND ACTUAL INNOCENCE OF THE PETITIONER.

## B
## CONCLUSION

PETITIONER RESPECTFULLY MOVES THE COURT TO GRANT PETITIONER'S MOTION FOR APPOINTMENT OF CO-COUNSEL AND EVIDENTIARY HEARING. PETITIONER FURTHER MOVES THE COURT TO GRANT HIS MOTION ON THE FILING OF THIS SUPPLE-MENTAL PLEADING IN RESPONSE TO THE RESPONDENT'S SUPPLEMENTAL PLEADING, FILED

P. 17

IN MARCH OF 2004.

PETITIONER ALTERNATIVELY MOVES THE COURT TO "GRANT ANY OTHER APPROPRIATE RELIEF," THAT THE COURT MAY GRANT ON IT'S OWN MOTION IN FAVOR OF THE PETITIONER.

VERY RESPECTFULLY SUBMITTED,

*Ted Marcum*

TED MARCUM, PETITIONER, PRO SE
239 NORTH 9TH STREET
HAMILTON, OHIO 45011 (513)-887-1235

## CERTIFICATE OF SERVICE

THIS IS HEREBY TO CERTIFY TO THAT A TRUE COPY OF THE FORGOING HAS BEEN SERVED UPON MR. STUART A. COLE, AT: 150 E. GAY STREET, COLUMBUS, OHIO 43215, ON THIS 6TH DAY OF APRIL, 2004, BY REGULAR U.S. MAIL, POSTAGE PREAFIX.

*Ted Marcum*

## AFFIDAVIT UNDER DECLARATION OF PENALTY OF PERJURY

AFFIANT, TED MARCUM, HEREBY DEPOSES, STATES AND SAYS, UNDER DECLARATION OF PENALTY OF PERJURY, STATES THAT THE FACTS STATED IN THE FORGOING IS WHOLLY CORRECT AND TRUE. (EXECUTED ON APRIL 6, 04)

*Ted Marcum*