JAMES
CLERK

IN THE UNITED STATES DISTRICT COURT 2004 SEP 16 PM 1:00

SOUTHERN DISTRICT OF OHIO U.S.
SOUTH OHIO
WESTERN DIVISION WESTERN NATI

TED MARCUM,

     PETITIONER,         CASE NO. C-1-02-425

     VS.

ADULT PAROLE AUTHORITY,    JUDGE HERMAN WEBER

AND STATE OF OHIO,

     RESPONDENT ET AL.

---

## PETITIONER'S WRITTEN OBJECTIONS
## TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

ON BEHALF OF PETITIONER:  ON BEHALF OF RESPONDENT:

                        STUART A. COLE

TED MARCUM           ASSISTANT ATTY. GENERAL

239 NORTH 9TH STREET    150 GAY STREET

HAMILTON, OHIO 45011    COLUMBUS, OHIO 43215

(PETITIONER PRO SE)   (COUNSEL FOR RESPONDENTS)

(1)

## MEMORANDUM

THIS DAY THIS CAUSE COMES BEFORE THE COURT ON PETITIONER'S "OBJECTIONS" TO THE "REPORT AND RECOMMENDATIONS," FILED BY MAGISTRATE JUDGE BLACK, ON <u>JUNE 17TH</u>, <u>2004</u>. (T.D. # 35).

PETITIONER, TED MARCUM, FILED A HABEAS CORPUS PETITION ON <u>JUNE 11TH</u>, <u>2002</u>. IN HIS PETITION, MARCUM RAISED SEVEN GROUNDS FOR HABEAS CORPUS. (T.D. # 2).

ON <u>AUGUST 5TH, 2002</u>, RESPONDENT FILED A "RETURN OF WRIT" RAISING THE ENACTMENT OF THE "ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996," (A.E.D.P.A.) (T.D. # 5).

IN RESPONSE TO THE "RETURN OF WRIT," MARCUM FILED A "TWO PART TRAVERSE." (T.D. # 20, #21). IN "PART NO. I TRAVERSE" PETITIONER RAISED CONSTITUTIONAL CHALLENGES TO THE (A.E.D.P.A.) (T.D. # 20). HOWEVER, IN THE MAGISTRATE'S REPORT AND RECOMMENDATIONS, FILED ON <u>JUNE 17</u>, <u>2004</u>, (T.D. # 35), NO MENTIONING IS MADE TO MARCUM'S CHALLENGES TO THE (A.E.D.P.A.) THIS MATTER COMES NOW BASED ON OBJECTIONS.

(2)

I.

OBJECTIONS

MAGISTRATE JUDGE AUTHORITY

ON MAY 10TH, 2004, PETITIONER/MARCUM
FILED A MOTION WITH FEDERAL COURT
CAPTIONED AS: "OBJECTION" AND A SEPARATE
REQUEST FOR "RECONSIDERATION." (SEE: T.D. # 33).
THE "OBJECTION" PLEADING (PREVIOUS FILED
HEREIN) SPECIFICALLY CONTESTED TO THE
AUTHORITY OR JURISDICTION OF ALLOWING "ANY"
MAGISTRATE JUDGE TO CONTINUE ANY FURTHER
IN PARTICIPATING TO ALL SUBSEQUENT FUTURE
HABEAS CORPUS PROCEEDINGS. (SEE: T.D. # 33).
THAT "OBJECTION" PLEADING IS STILL PENDING
BEFORE THIS COURT FOR ADJUDICATION.

MARCUM ARGUED THE PREVIOUS "OBJECTION"
PLEADING, THE SPECIFIC CLAIM THAT: A "MAGI-
STRATE JUDGE" IS NOT AN "ARTICLE III"
COURT JUDGE, AS DEFINED BY THE UNITED
STATES CONSTITUTION. MOREOVER, MARCUM
"OBJECTED" TO "SWITCHING" MAGISTATE JUDGES.

MARCUM'S "OBJECTION" PLEADING HAD ASK
HONORABLE JUDGE HERMAN WEBER TO "STRIP"
THE MAGISTRATE OF HIS AUTHORITY AND "PULL
THIS CASE OUT FROM BENEATH THE FEET OF THE
MAGISTRATE." ACCORDINGLY, PETITIONER RENEWS
THESE SAME "OBJECTIONS" AS PREVIOUSLY ASSERTED.

(3)

## II. FAILURE TO RULE UPON CONSTITUTIONAL ERRORS LITIGATED IN MARCUM'S TRAVERSE PLEADINGS CHALLENGING THE (A.E.D.P.A.)

THE MAGISTRATE JUDGE FAILED TO ADDRESS ANY OF MARCUM'S CLAIMS CHALLENGING THE "SCOPE," THE "ENFORCEMENT," AND/OR THE "CONSTITUTIONALITY" OF THE "ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY OF ACT" (A.E.D.P.A.)

PART NO. I OF MARCUM'S "TRAVERSE" PLEADING RAISED NUMEROUS LEGAL DOCTRINES AND CITING VIOLATIONS OF ARTICLE(S) I, II, III, AND VI, U.S. CONSTITUTION., AND THE 1ST, 5TH, 9TH, 10TH AND 14TH AMENDMENTS DECLARING THE ACT UNLAWFUL., ERRONEOUSLY APPLIED TOWARD'S "PERSONS" WHO IS NOT A "TERRORIST" OR A "DEATH PENALTY" CASE., VIOLATES THE RULE OF "SEPARATION OF POWERS.," AND VIOLATES PRACTICES IN "EQUITY" AND AT "COMMON LAW" PRINCIPLES.

MARCUM RAISED THESE "COLLATERAL" CHALLENGES TO THE (A.E.D.P.A.) IN "PART I" OF HIS TRAVERSE, AS A "RESPONSIVE PLEADING" IN RESPONSE TO THE RETURN OF WRIT. ACCORDINGLY, MARCUM "OBJECTS" TO THE REPORT AND RECOMMENDATION FILED HEREIN.

(4)

III. APPELLATE PROCEEDINGS PURSUANT TO APPELLATE
COURT RULES 14(B), 26(A), AND 26(B)

ACCORDING TO THE REPORT AND RECOMMENDA-
TION PROPOSED BY THE MAGISTRATE JUDGE, HE
ERRONEOUSLY STATES THAT THE "DELAYED
APPLICATION FOR RECONSIDERATION AND REOPEN-
ING" FILED BY PETITIONER ON OCTOBER
16TH, 2001, WAS FILED EXCLUSIVELY PUR-
SUANT TO OHIO APP. R. 26(B).

THIS IS NOT TRUE. PETITIONER "OBJECTS"
TO THIS MISTATEMENT OF THE LAW AND
FACTS.

THE FACE OF MARCUM'S PETITION
FILED WITH THE OHIO COURT OF APPEALS
ON OCTOBER 16TH, 2001, CITES AS
STATUTORY AUTHORITY IN THE REOPEN-
ING MATTER, ALL THREE APPELLATE
COURT RULES (14(B), 26(A), AND 26(B)).

ADDITIONALLY, MARCUM CITED THE
"INTERVENING" U.S. SUPREME COURT
CASE (OLD CHIEF VS. UNITED STATES)
AS AN "EXTRA-ORDINARY CIRCUMSTANCE"
EXCEPTION FOR "RECONSIDERATION" PUR-
SUANT TO RULE 14(B), 26(A), AND 26(B).
ACCORDINGLY, MARCUM "OBJECTS" TO THE
MAGISTRATE'S REPORT AND RECOMMENDATIONS.

(5)

## IV. STANDING TO CHALLENGE THE "EXTRAORDINARY CIRCUMSTANCE" EXCEPTION PURSUANT TO OHIO APP. R. 26(A)

IN THE REPORT AND RECOMMENDATION THE MAGISTRATE STATED, ESSENTIALLY, THAT MARCUM LACKED STANDING TO CHALLENGE THE COURT OF APPEALS JUDGMENT FOR FAILING TO REOPEN MARCUM'S APPEAL PURSUANT TO THE "EXTRA-ORDINARY CIRCUMSTANCE" EXCEPTION FOUND IN OHIO APP. R. 26(A). THE MAGISTRATE HELD THAT MARCUM HAD NOT FILED A 26(A) APPLICATION., THEREFORE, IT MAKES NO DIFFERENCE WHETHER THE COURT OF APPEALS FAILED TO FOLLOW THE "EXTRA-ORDINARY CIRCUMSTANCE" EXCEPTION.

MARCUM DISAGREES. FIRST, MARCUM'S APPLICATION FOR "RECONSIDERATION" AND "REOPENING" CITED ALL THREE APPELLATE COURT RULES OF PROCEDURE., SECONDLY, MARCUM DID DEMONSTRATE "EXTRA-ORDINARY CIRCUMSTANCES" FOR RECONSIDERATION AND REOPENING PURSUANT TO OHIO APP. R. 14(B) AND 26(A). ACCORDINGLY, PETITIONER MOVES THIS COURT TO REJECT THE RECOMMENDATION AND ISSUE THE WRIT.

(6)

## V. INADEQUATE AND INDEPENDENTS COURT REMEDY

IN THE MAGISTRATE'S REPORT AND RECOMMENDA-TION HE SUGGESTED THAT OHIO APPELLATE COURT RULE 14(B), 26(A), AND 26(B), ARE HELD TO BE AN "ADEQUATE" AND "INDEPENDENT" STATE COURT REMEDIES.

PETITIONER/MARCUM DISAGREES AND STRONGLY "OBJECTS" TO THE MAGISTRATE'S RECOMMENDATION BASED ON GROUNDS THAT: (1) THESE RULES ARE NOT "ADEQUATE" NOR "INDEPENDENT" AS A MATTER OF FEDERAL CONSTITUTIONAL LAW IN LIGHT OF THE HOLDING ESTABLISHED IN WHITE v. SCHOTTEN., (2) THESE COURT RULES ARE NOT "ADEQUATE" NOR "INDEPENDENT" WHEN THE STATE COURTS FAIL TO FIND "GOOD CAUSE" OR "EXTRAORDINARY CIRCUM-STANCES," EVEN IN CASES WHERE "GOOD CAUSE" OR "EXTRAORDINARY CIRCUMSTANCES" ARE SHOWN., (3) THESE COURT RULES ARE NOT "ADEQUATE" WHEN THE STATE COURTS FAIL TO FOLLOWING THE "GOOD CAUSE" STANDARD AS ESTABLISHED BY THE FEDERAL COURTS TO EXCUSE A PROCEDURAL DEFAULT., (4) THESE COURT RULES ARE NOT "ADEQUATE" NOR "INDEPENDENT" WHEN THE STATE COURTS FAIL TO "INEFFECTIVE" ASSISTANCE OF COUNSEL, EVEN IN CASES WHERE "INEFFECTIVE ASSISTANCE" IS SHOWN., AND (5) THESE COURT RULES DO RELY UPON FEDERAL LAW.

(7)

## VI.  MARCUM DEMONSTRATED "GOOD CAUSE"

PETITIONER/MARCUM "OBJECTS" TO THE REPORT
AND RECOMMENDATION OFFERED BY THE MAGISTRATE
JUDGE SUGGESTING THAT "NO GOOD CAUSE" WAS SHOWN,
TO EXCUSE PETITIONER'S DELAY FOR FAILING TO
TIMELY-FILE AN APPLICATION FOR RECONSIDERATION
AND/OR REOPENING.

PETITIONER CITED THE FOLLOWING CLAIMS
TO ESTABLISH "GOOD CAUSE" AND "EXTRAORDINARY
CIRCUMSTANCES" IN THE REOPENING MATTER:
(1) INEFFECTIVE ASSISTANCE OF COUNSEL AT
TRIAL AND ON APPEAL CONSTITUTES "GOOD CAUSE.,"
(2) INEFFECTIVE APPELLATE COUNSEL'S FAILURE
TO FILE A TIMELY APPLICATION FOR RECONSIDERA-
TION OR REOPENING CONSTITUTES "GOOD CAUSE.,"
(3) LACK OF ACCESS TO A TRIAL TRANSCRIPT
RECORD AMOUNTS TO "GOOD CAUSE," CONTRARY
TO POSITION TAKEN BY THE STATE COURTS.,
(4) "FLUXUATING STATE LAWS" THAT IN WHICH
ARE NOT "FIRMLY ESTABLISHED," AMOUNTS TO
"GOOD CAUSE" TO EXCUSE A PROCEDURAL
DEFAULT., (5) PETITIONER ARGUED THAT
"GOOD CAUSE" WAS SHOWN WHEN A CHANGE IN
STATE LAW HAD OCCURED, WHICH MISLED
MARCUM, PERTAINING TO THE "JURISDICTION"
OF THE OHIO COURT OF APPEALS AUTHORITY

(8)

ON "ENTERTAINING" APPLICATIONS FOR REOPENING.,
(6) "GOOD CAUSE" WAS SHOWN BASED ON THE FACT
THAT OHIO'S RULES OF APPELLATE PRACTICE AND
PROCEDURE FAIL TO CONTAIN A "PROVISION"
FOR THE "APPOINTMENT OF COUNSEL" TO ASSIST
INDIGENT/APPELLANT'S, WITH TIMELY FILING
AN APPLICATION FOR "RECONSIDERATION" OR
"REOPENING," AS AUTHORIZED BY OHIO COURT
RULES 14(B), 26(A), AND 26(B). IN MARCUM'S
HABEAS CORPUS PETITION, MARCUM DEMONSTRATED
THAT OHIO'S RULES OF APPELLATE PROCEDURE
VIOLATE THE RIGHT TO EQUAL PROTECTION
AND DUE PROCESS OF LAW AS GUARANTEED
BY THE FOURTEENTH AMENDMENT OF THE
UNITED STATES CONSTITUTION. MOREOVER,
THIS SAME "GOOD CAUSE" OR "EXTRAORDINARY
CIRCUMSTANCE" ARGUEMENT, DEMONSTRATED
THAT NEITHER APP. R. 14(B), 26(A), NOR
26(B), CONSTITUTED AN "ADEQUATE" OR
"INDEPENDENT" STATE COURT REMEDY UPON
WHICH FEDERAL HABEAS CORPUS RELIEF COULD
BE DENIED. THE MAGISTRATE'S RECOMMENDA-
TION FINDING THAT "NO GOOD CAUSE" OR NO
"EXTRAORDINARY CIRCUMSTANCES" WERE
SHOWN TO EXCUSE MARCUM'S TARDY DELAY
IN THE REOPENING MATTER IS CLEARLY
ERRONEOUS AND MUST BE REJECTED.

(9)

MARCUM DEMONSTRATED IN HIS HABEAS PETITION THAT HIS UNIT CASE WORKER AT THE LONDON CORRECTIONAL INSTITUTION HAD "MISPLACED" HIS "LEGAL MAIL" CONTAINING THE "ENTRY" BY THE OHIO COURT OF APPEALS, WHICH "DENIED" MARCUM'S MOTION REQUESTING AN "ENLARGEMENT OF TIME" TO "PREPARE" AN APPLICATION FOR REOPENING. MARCUM ARGUED THAT " ... BY THE TIME HIS CASE WORKER FOUND HIS LOST LEGAL MAIL ... (FIFTY-FIVE DAYS LATER) ..." HE ARGUED THAT "THE TIME PERIOD ON FILING AN APPEAL TO THE OHIO SUPREME COURT HAD ALREADY EXPIRED."

ACCORDINGLY, MARCUM DID ESTABLISH "GOOD CAUSE" WHY HE WAITED UNTIL A YEAR LATER TO RENEW HIS REQUEST ON FILING AN APPLICATION FOR REOPENING BASED IN PART ON "PRISON OFFICIALS INTERENCES.," "FLUXUATING STATE LAW" PERTAINING TO THE "JURISDICTION" OF THE OHIO COURT OF APPEALS AUTHORITY ON "ENTERTAINING" AN APPLICATION FOR REOPENING (SIMULTANEOUSLY) ONCE A DIRECT APPEAL HAS BEEN FILED WITH THE OHIO SUPREME COURT., "INADEQUATE LAW LIBRARY" WHICH "MISLED" MARCUM

(10)

FROM DISCOVERING THAT OHIO LAW HAS "CHANGED"
IN JANUARY OF 1996, WHICH "REINSTATED" THE
"JURISDICTION" OF THE OHIO COURT OF
APPEALS TO "ENTERTAIN" APPLICATIONS FOR
REOPENING "SIMITANEOUSLY" WITH THE
JURISDICTION OF THE OHIO SUPREME COURT'S
AUTHORITY ON REVIEW OF THE INITIAL
DIRECT APPEAL.

MARCUM POINTED OUT THAT, PRIOR TO
JANUARY OF 1996, OHIO LAW PROHIBITED
AN APPLICANT FROM FILING AN APPLICATION
FOR "REOPENING," ONCE A DIRECT APPEAL
HAD BEEN FILED WITH THE OHIO SUPREME
COURT. THUS, MARCUM ARGUED THAT "GOOD
CAUSE" IS SHOWN BECAUSE THE LAW
LIBRARY "MISLED" MARCUM FROM DISCOVERING
THIS "FLUXUATING" CHANGE OF STATE LAW,
AND, SECONDLY, MARCUM ARGUED THAT "GOOD
CAUSE" IS SHOWN BASED ON THE FACT THAT
PRISON OFFICIALS "LOST" HIS LEGAL MAIL
WHICH PREVENTED MARCUM FROM FILING A
TIMELY DIRECT APPEAL TO THE OHIO SUPREME
COURT, FOR PURPOSES OF ESTABLISHING "GOOD
CAUSE" FOR AN "EXTENTION OF TIME" ON
"PREPARING" APPLICATION FOR REOPENING.,
THIRDLY, THE FACT THAT MARCUM DIDN'T HAVE
COUNSEL TO ASSIST HIM CONSTITUTES "GOOD CAUSE."

(11)

HOWEVER, CONTRARY TO MARCUM'S "GOOD CAUSE" ARGUMENTS ... THE MAGISTRATE RECOMMENDS THAT "NO GOOD CAUSE" BE FOUND. ACCORDING TO THE MAGISTRATE HE BASIS THIS ASSUMPTION PRIMARILY ON FIVE GROUNDS: (a) THE MAGISTRATE JUDGE QUESTIONED "WHY" MARCUM CHOSE TO RELY UPON MOTIONS FOR "ENLARGEMENT OF TIME" OR FOR LEAVE ON FILING A "SUPPLEMENTAL BRIEF," AS OPPOSED TO FILING THE APPLICATION FOR REOPENING., (B) THE MAGISTRATE RECOMMENDED THAT "NO GOOD CAUSE" BE SHOWN WHEN MARCUM FAILED TO EXPLAIN "WHY" HE FAILED TO FILE "[a] REOPENING APPLICATION BY THE REQUESTED EXTENSION DEADLINE DATE OF JULY 8TH, 1997.," (C) THE MAGISTRATE RECOMMENDED THAT "NO GOOD CAUSE" BE SHOWN BASED ON MARCUM'S FAILURE TO FILE AN "APPEAL" TO THE OHIO SUPREME COURT (OR MARCUM'S FAILURE TO SEEK A "DELAYED APPEAL") PERTAINING TO THE "LOST" ENTRY COMMITTED BY PRISON OFFICIALS., (D) THE MAGISTRATE RECOMMENDED THAT "NO GOOD CAUSE" BE FOUND AS A RESULT OF MARCUM'S FAILURE TO "EXPLAIN WHY" HE WAITED UNTIL "ONE YEAR LATER" TO SEEK LEAVE OF COURT IN THE REOPEN-ING MATTER FOR THE FILING OF A "SUPPLEMENTAL BRIEF.," AND (E) CONTRARY TO WHITE, THE MAGISTRATE HELD THE REMEDY TO BE "ADEQUATE."

(12)

WITH RESPECTS TO THE MAGISTRATE JUDGE RECOMMENDATION QUESTIONING "WHY" MARCUM CHOSE TO REQUEST AN ORDER OF LEAVE FOR AN "ENLARGEMENT OF TIME" OR PERMISSION TO FILE A "SUPPLEMENTAL BRIEF," AS OPPOSED TO FILING THE ACTUAL APPLICATION FOR REOPENING, WERE PREDICATED ON APPARENT REASONS: (1) THE FIRST REASON BEING THE FACT THAT OHIO LAW HAD RECENTLY CHANGED PERTAINING TO THE "JURISDICTION" OF THE OHIO COURT OF APPEALS AUTHORITY ON ENTERTAINING APPLICATIONS FOR REOPENING·, (2) BASED ON "INADEQUATE" LAW LIBRARY FACILITIES, WHICH PREJUDICIALLY MISLED MARCUM FROM DISCOVERING THAT OHIO'S SUBSTANTIAL PROCEDURAL DUE PROCESS LAWS HAD BEEN CHANGED·, (3) LACK OF ANY ASSISTANCE OF COUNSEL TO GUIDE MARCUM·, (4) THE FACT THAT MARCUM IS "INDIGENT" AND WAS INCARCERATED AT THAT POINT AND TIME·, (5) PRISON OFFICIALS INTERFERENCE·, AND (6) THE FACT THAT MARCUM WAS PREPARING "NUMEROUS APPELLATE BRIEFS," SIMITANEOUSLY, AND HAVING LIMITED TIME AND LIMITED RESOURCES BY THE PRISON LAW LIBRARY, EXPLAINES "WHY" MARCUM FILED THESE PARTICULAR MOTIONS. MOREOVER, THE ORDER "DENYING" THESE MOTIONS BY THE OHIO COURTS, AMOUNTED TO AN ABUSE OF DISCRETION.

(13)

THE MAGISTRATE FURTHER QUESTIONED "WHY" MARCUM FAILED TO FILE HIS APPLICATION FOR REOPENING WITHIN THE "EXTENDED TIME FRAME" AS REQUESTED BY MARCUM'S FIRST MOTION ASKING FOR AN EXTENTION OF TIME.

IT IS TRUE THAT MARCUM FILED A MOTION WITH THE OHIO COURT OF APPEALS REQUESTING AN "EXTENTION OF TIME" TO PREPARE HIS INITIAL APPLICATION FOR RE-OPENING. MARCUM FILED THAT MOTION DATED ON MAY 1ST, 1997. IN MARCUM'S MOTION, HE REQUESTED AN "ENLARGEMENT OF TIME" FOR AN ADDITIONAL PERIOD UP TO JULY 8TH, 1997. IN SUPPORT OF MARCUM'S MOTION, MARCUM RELIED UPON THE MISTAKEN BELIEF THAT THE COURT OF APPEALS "LACKED JURISDICTION" TO ENTERTAIN AN APPLICA-TION FOR REOPENING DURING THE SAME APPEAL PERIOD THAT THE OHIO SUPREME COURT WAS REVIEWING MARCUM'S DIRECT APPEAL. MARCUM FURTHER RELIED UPON THE FACT THAT HE WAS PREPARING MULTIPLE APPEALS SIMITANEOUSLY, AND HE WAS UNABLE TO PREPARE HIS APPLICATION FOR REOPENING AT THAT SPECIFIC TIME. ACCORDINGLY, MARCUM REQUESTED AN EXTENTION PERIOD UP TO JULY 8TH, 1997.

(14)

However, Marcum unfortunately did miss the extended deadline period by failing to file the application prior to the JULY 8TH, 1997 date.

The Magistrate recommended that Marcum's habeas petition be denied because Marcum "failed to explain why" he was "prevented" from filing his reopening application within the requested extension period of JULY 8TH, 1997.

Marcum will now answer that question. At some point soon after Marcum's request was made seeking an "extension of time," up to JULY 8TH, 1997 ... Marcum was placed in isolation by prison officials. Not only was he put in the "hole," but, also, prison officials "seized and confiscated" ALL of Marcum's legal materials. Marcum DID NOT have any of his legal papers, nor did Marcum have access to the law library while in isolation.

When Marcum was released from isolation ... he sent a "second" motion to the Ohio Court of Appeals requesting a "second" extension of time because prison officials "prevented" Marcum from filing his application by the deadline date.

(15)

THIS COURT CAN VERIFY THIS "GOOD CAUSE" ARGUMENT BY REVIEWING MARCUM'S FIRST HABEAS CORPUS PETITION ... BECAUSE MARCUM RAISED THE OCCURENCES THAT HE WAS "STRIPPED" OF ALL OF HIS "LEGAL MATERIALS" THAT PRISON OFFICIALS CONFISCATED AND SEIZED, WHICH "PREVENTED" MARCUM FROM FILING HIS REOPENING APPLICATION. MARCUM FURTHER RAISED THAT HE WAS PLACED IN ISOLATION NUMEROUS TIMES, AND THAT WHILE ISOLATED, HE WAS NOT PERMITTED ACCESS TO THE LAW LIBRARY.

SECONDLY, THIS COURT CAN GO "ON LINE" AND PULL UP THE "SECOND" MOTION THAT MARCUM FILED WITH THE OHIO COURT OF APPEALS (DURING AUGUST OF 1997) WHICH MARCUM REQUESTED ANOTHER "EXTENSION OF TIME" BEYOND THE JULY 8TH, 1997 DATE. MARCUM EXPLAINED THAT HE WAS IN THE "HOLE" AND ALSO EXPLAINED THAT PRISON OFFICIALS CONFISCATED AND SEIZED ALL OF HIS LEGAL PAPERS, AND DENIED HIM ACCESS TO THE LAW LIBRARY. MARCUM EXPLAINED THAT HE WAS "PREVENTED" FROM FILING HIS APPLICATION WITHIN THE REQUESTED/EXTENDED TIME PERIOD, AND HAD REQUESTED A NEW EXTENSION.

(16)

IN THE PRESENT CASE, AS NOTED ABOVE, THE MAGISTRATE RECOMMENDED THAT MARCUM'S HABEAS PETITION BE "DENIED" BECAUSE MARCUM FAILED TO "EXPLAIN WHY" HE FAILED TO FILE HIS APPLICATION FOR REOPENING WITHIN THE "EXTENDED PERIOD" OF <u>JULY 8TH</u>, <u>1997</u>., OR FAILED TO DEMONSTRATE HOW HE WAS "PRE-VENTED" FROM FILING THE APPLICATION.

MARCUM NOW "EXPLAINS" THAT REASON BECAUSE ONE: PRISON OFFICIALS SEIZED <u>ALL</u> OF MARCUM'S LEGAL PAPERS., TWO: MARCUM WAS PLACED IN ISOLATION., AND THREE: MARCUM WAS DENIED ALL ACCESS TO A LAW LIBRARY. ALL OF THESE REASONS "PREVENTED" MARCUM FROM FILING HIS APPLICATION WITHIN THE EXTENSION PERIOD.

THE MAGISTRATE JUDGE LIKELY WAS UNAWARE OF THESE ADDITIONAL "GOOD CAUSE" ARGUMENTS, BECAUSE IN ORDER TO RECOGNIZE THESE UNNOTICED "GOOD CAUSE" ARGUMENTS ... WOULD HAVE RE-QUIRED THE MAGISTRATE TO THOROUGHLY EXAMINE MARCUM'S FIRST HABEAS PETITION, FILED IN MAY OF 1998.

IN ANY EVENT, MARCUM "OBJECTS" TO THE MAGISTRATE'S RECOMMENDATION IN LIGHT OF THESE ADDITIONAL FACTORS.

(17)

THE MAGISTRATE ALSO QUESTIONED "WHY" IT HAD TAKEN MARCUM OVER "ONE YEAR" TO REINITIATE HIS DESIRE FOR REOPENING BY HIS REQUEST FOR LEAVE ON FILING A "SUPPLEMENTAL BRIEF" IN SUPPORT OF THE REOPENING MATTER., AND, SECONDLY, THE MAGISTRATE QUESTIONED "WHY" MARCUM CHOSE TO FILE A "SUPPLEMENTAL BRIEF" AS OPPOSED TO THE ACTUAL APPLICATION FOR REOPENING.

THE "ANSWER" TO THESE "QUESTIONS" "WHY" MARCUM "WAITED OVER ONE YEAR" TO PERSUAE A "SUPPLEMENTAL BRIEF" IN SUPPORT OF A REOPENING., AND "WHY" MARCUM CHOSE A MOTION SEEKING LEAVE TO FILE A "SUPPLEMENTAL BRIEF," AS OPPOSED TO THE INITIAL APPLICATION, ARE EXPLAINABLE BASED ON THE SAME REASONS.

THE FIRST REASON "WHY" MARCUM CHOSE TO FILE A "SUPPLEMENTAL BRIEF" IS BECAUSE OF THE FACT THAT THE COURT OF APPEALS MAY HAVE ORDERED THE APPLICA-TION TO BE "STRICKEN" IN THE AB-SCENCE OF SEEKING LEAVE OF COURT. THE SECOND REASON IS BECAUSE OF THE FACT PERTAINING TO COURT OF APPEALS

(18)

REFUSED TO RESPOND TO MARCUM'S "SECOND"
MOTION (REQUESTING A NEW EXTENSION
OF TIME PERIOD BEYOND THE JULY 8TH,
1997 DATE). THE COURT OF APPEALS
NEVER RULED ON THAT "SECOND" MOTION.
THAT WAS PARTLY "WHY" MARCUM WAITED
UNTIL OVER A YEAR LATER WHEN MARCUM
FILED A "THIRD" MOTION REQUESTING
PERMISSION ON FILING A "SUPPLEMENTAL
BRIEF" TO EXPLAIN ALL EVOLVING CIRCUM-
STANCES THAT HAD TRANSPIRED.

FOR EXAMPLE, MARCUM WANTED TO
FILE A SUPPLEMENTAL BRIEF TO ASSERT
THE FACT THAT: (1) PRISON OFFICIALS
LOST HIS LEGAL MAIL PERTAINING TO
HIS FIRST REQUEST FOR AN EXTENSION
OF TIME., (2) THE FACT THAT BY THE
TIME PRISON OFFICIALS FOUND HIS MAIL.,
THE TIME PERIOD TO APPEAL THE ORDER
TO THE OHIO SUPREME COURT, ALREADY EXPIRED.,
(3) THE FACT THAT PRISON OFFICIALS
SEIZED AND CONFISCATED HIS LEGAL PAPERS.,
(4) THE FACT THAT HE WENT INTO ISOLATION.,
(5) THE FACT THAT, WHILE IN ISOLATION,
MARCUM DID NOT HAVE ANY ACCESS TO
THE LAW LIBRARY., (6) THE FACT THAT
MARCUM WAS MISLED DUE TO THE LAW LIBRARY.,

(19)

(7) THE SPECIFIC CLAIM THAT OHIO APPELLATE COURT RULE 26(B), IS UNCONSTITUTIONAL ... FOR FAILING TO CONTAIN A PROVISION FOR APPOINTMENT OF COUNSEL ON BEHALF OF INDIGENT OFFENDERS, FOR PURPOSES OF TIMELY FILING AN APPLICATION FOR RE-OPENING ON THEIR BEHALF., (8) ALL OF MARCUM'S UNDERLYING INEFFECTIVE APPELLATE COUNSEL CLAIMS., AND (9) MARCUM WANTED TO STRESS THE THEN DISTRICT COURT DECISION IN (CARPENTER V. MOHR) WHICH INITIALLY HELD, AT THAT TIME, A DECLARATION DECLARING THAT THE REMEDY (APPELLATE COURT RULE 26(B)) WAS <u>NOT</u> AN "ADEQUATE" OR "INDEPENDENT" STATE COURT REMEDY BECAUSE (1) THE RULE DOES "RELY UPON FEDERAL LAW.," AND (2) THE DISTRICT COURT FOUND THAT THE OHIO STATE COURTS' APPLY THE "GOOD CAUSE EXCEPTION" TO THE RULE, TO THE POINT THAT "GOOD CAUSE" IS NEVER SHOWN. ON APPEAL TO THE SIXTH CIRCUIT, THE COURT REVERSED THE OPINION OF THE DISTRICT COURT. HOWEVER, THE SUPREME COURT "REVERSED AND REMANDED" FOR A DETER-MINATION WHETHER THE RULE IS, OR IS NOT, AN "ADEQUATE" REMEDY.

(20)

IT IS MARCUM'S POSITION THAT THESE APPELLATE COURT RULES ARE <u>NOT</u> ADEQUATE.

IN ANY EVENT, PETITIONER HAD HOPED TO ESTABLISH "GOOD CAUSE" BY RAISING ALL "GOOD CAUSE" CLAIMS THROUGH A "SUPPLEMENTAL BRIEF." UNFORTUNEATELY, THE OHIO COURT OF APPEALS DENIED PETITIONER'S REQUEST FOR LEAVE OF COURT ON FILING A "SUPPLEMENTAL" APPEAL BRIEF, FOR PURPOSES OF ENABLING MARCUM AN "OPPORTUNITY" TO ESTABLISH "GOOD CAUSE."

FINALLY, IT WAS THE MAGISTRATE'S RECOMMENDATION THAT " NO GOOD CAUSE" WAS SHOWN BASED ON MARCUM'S FAILURE TO FILE AN APPEAL TO OHIO SUPREME COURT PERTAINING TO MARCUM'S "LOST" LEGAL MAIL.

ACCORDING TO THE MAGISTRATE, HE BELIEVES THAT MARCUM COULD HAVE FILED A "DELAYED APPEAL" TO THE STATE SUPREME COURT PERTAINING TO THE "LOST" ENTRY/ORDER THAT "DENIED" MARCUM'S MOTION FOR AN "EXTENSION OF TIME" TO "PREPARE" THE APPLICATION FOR "REOPENING."

MARCUM DISAGREES WITH THE MAGISTRATE'S RECOMMENDATION, AND HEREBY REQUESTS OF THE DISTRICT COURT JUDGE, TO REJECT THIS OBSERBED RECOMMENDATION. THE REASON WHY THE MAGISTRATE IS WRONG ... IS BASED ON THE SIMPLE FACT THAT MARCUM WAS <u>NOT</u>

(21)

ALLOWED TO FILE A "DELAYED APPEAL." OHIO'S RULES OF LOCAL SUPREME COURT PRACTICE AND PROCEDURE PROHIBIT "DELAYED APPEALS" IN CASES ARISING UNDER <u>STATE</u> v. <u>MURNAHAN</u>., OR IN CASES FILED PURSUANT TO APP. R. 26(A) OR 26(B), FOR RECONSIDERATION OR REOPENING.

ACCORDINGLY, PETITIONER PRAYS FOR AN ORDER REJECTING THE REPORT AND RECOMMENDATIONS PROPOSED BY THE MAGISTRATE JUDGE, AND FOR AN ORDER ISSUING THE WRIT.

VII. <u>COLLATERAL REMEDY OR DIRECT APPEAL</u>

THE MAGISTRATE RECOMMENDS THAT, AS A MATTER OF STATE LAW, APPLICATIONS FOR "RECONSIDERATION" OR "REOPENING," ARE HELD TO BE "COLLATERAL REMEDIES," AS OPPOSED TO ACTIVITIES RELATED TO THE DIRECT APPEAL.

THE MAGISTRATE BASES THIS ASSUMPTION ON GROUNDS THAT: (1) THE LOCAL SUPREME COURT RULES OF APPELLATE PRACTICE AND PROCEDURE ... "PROHIBIT" "DELAYED APPEALS" IN REOPENING OR RECONSIDERATION CASES, INCLUDING CASES ARISING UNDER <u>STATE</u> VS. <u>MURNAHAN</u>, WHICH PRECLUDE "DELAYED APPEALS" FROM BEING TAKEN TO THE OHIO SUPREME COURT

(22)

IN THESE KINDS OF CASES, AND (2) BASED ON
THE POSITION UNIVERSALLY TAKEN BY THE OHIO
COURT OF APPEALS REJECTING THE HOLDING
ESTABLISHED IN <u>WHITE</u> VS. <u>SCHOTTEN</u>.

THUS, THE MAGISTRATE RECOMMENDED THAT
APPLICATIONS FOR RECONSIDERATION OR RE-
OPENING, ARE TO BE HELD AS A "POST-
CONVICTION REMEDY" IN NATURE, AS OPPOSED
TO ACTIVITIES RELATING TO THE DIRECT
APPEAL.

MARCUM "OBJECTS" TO THIS RECOMMENDATION!
ALTHOUGH IT IS TRUE THAT THE LOCAL RULES
OF APPELLETE PROCEDURE TO THE OHIO SUPREME
COURT ... <u>DOES</u> PROHIBIT "DELAYED APPEALS"
FROM BEING TAKEN IN A REOPENING MATTER,
OR PURSUANT TO <u>STATE</u> VS. <u>MURNAHAN</u>, THIS
DOESN'T NECITATE A FINDING THAT THESE
TYPES OF PROCEEDING MUST BE CONSTRUED
AS A "POST-CONVICTION" REMEDY.

IF ANYTHING, THIS ONLY MEANS WHAT IT
SAYS IT DOES, i.e., A STRICT TIME PERIOD.

MOREOVER, CONTRARY TO THE LOCAL
RULES OF SUPREME COURT APPELLATE PROCEDURE,
THE INITIAL HOLDING ESTABLISHED IN
<u>STATE</u> VS. <u>MURNAHAN</u>, HELD THAT "DELAYED
APPEALS" WERE "ALLOWED" TO BE TAKEN TO THE
OHIO SUPREME COURT INVOLVING AN APPLICATION

(23)

FOR REOPENING, PREDICATED ON A CLAIM OF INEFFEC-
TIVE ASSISTANCE OF APPELLATE COUNSEL. (SEE:
SYLLABUS, STATE vs. MURNAHAN, SUPRA).

AFTER THE ENACTMENT OF APP. R. 26(B),
IT WAS AT THAT TIME THAT THE OHIO SUPREME
COURT "AMENDED" THE LOCAL RULES OF SUPREME
COURT PRACTICE AND PROCEDURE, BY PLACING
A SPECIFIC "TIME PERIOD" ON PERFECTING
A DIRECT APPEAL TO THE OHIO SUPREME COURT
ARISING FROM A PROCEEDING FOR REOPENING,
AND ELIMINATING THE NEED FOR A "DELAYED
APPEAL" PROCESS.

THE FACT THAT THE SUPREME COURT
CHOSE TO ENACT A SPECIFIC "TIME PERIOD"
AND ABOLISHING A "DELAYED APPEAL" PRO-
CESS PROCEDURE IN ACTIONS FOR REOPENING,
... DOES NOT CHANGE THE NATURE OF THE
REMEDY FROM A "DIRECT APPEAL" TO A
"POST-CONVICTION" REMEDY.

THE HOLDING ESTABLISHED IN WHITE
vs. SCHOTTEN, CONSTRUING APPLICATIONS
FOR REOPENING, TO BE A CONTINUATION
OF THE DIRECT APPEAL PROCESS, TO WHICH
THE RIGHT TO THE "EFFECTIVE" ASSISTANCE
OF COUNSEL ATTACHES, CORRECTLY STATED
THE LAW. THE HOLDING ESTABLISHED IN
MURNAHAN, SUPPORTS THE HOLDING ESTA-

(24)

BLISHED IN <u>WHITE</u>.

(2) IN ADDITION TO THE ABOVE, THE MAGI-
STRATE RECOMMENDED THAT, CONTRARY TO <u>WHITE</u>,
THE POSITION TAKEN BY THE OHIO COURTS OF
APPEALS ... "UNIVERSALLY" REJECTING THE HOLDING
ESTABLISHED IN <u>WHITE</u> ... MUST MEAN THAT AN
OHIO APP. R. 26(B) PROCEEDING, FOR REOPENING,
ARE TREATED IN A NATURE AS A " POST-
CONVICTION REMEDY."

PETITIONER DISAGREES AND "OBJECTS"
TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS.

OF COURSE, THE STATE COURT'S ARE <u>NOT</u>
<u>NOW</u> GOING TO ADMIT THAT ... FOR THE PAST
TWELVE YEARS SINCE <u>MURNAHAN</u> WAS DECIDED,
THAT THOUSANDS OF APPEAL CASES FILED BY
INDIGENT-APPELLANT'S, COULD NOW ESTABLISH
"GOOD CAUSE" FOR FAILING TO "TIMELY FILE"
AN APPLICATION FOR REOPENING, IN THE
ABSENCE TO ASSIGNMENT OF COUNSEL.

THE STATE COURTS ARE GOING TO SAY
THAT, UNLESS THE CASE <u>IS</u> "REOPENED,"
THE MERE FILING OF AN APPLICATION FOR
REOPENING PURSUANT TO APP. R. 26(B), IS
IN SUBSTANCE A "POST-CONVICTION REMEDY."

PETITIONER OBJECTS TO THE STATE
COURTS MANIPULATION OF THE LAW AND TO
THE MAGISTRATE JUDGE RECOMMENDATIONS.

(25)

## VIII.  CAUSE AND PREJUDICE STANDARD

THE MAGISTRATE JUDGE RECOMMENDED THAT PETITIONER/MARCUM FAILED TO ESTABLISH "CAUSE" AND "PREJUDICE" TO EXCUSE HIS STATE COURT PROCEDURAL DEFAULT.

PETITIONER/MARCUM "OBJECTS" TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS FOR FAILING TO FIND "CAUSE" AND "PREJUDICE" TO EXCUSE ANY OR ALL PROCEDURAL DEFAULTS. PETITIONER BASES THIS "OBJECTION" ON HIS "GOOD CAUSE" ARGUMENT'S ARGUED THROUGHOUT THIS "OBJECTION" PLEADING. PETITIONER "OBJECTS" BASED ON ALL OF HIS CLAIMS RAISED IN HIS HABEAS PETITION AND ON HIS ARGUMENTS ASSERTED WITHIN HIS "TWO PART TRAVERSE" PLEADINGS. PETITIONER RELIES UPON THE WHOLE RECORD COMPILED IN THIS CASE, i.e., THE RECORD ITSELF DEMONSTRATES THAT PETITIONER HAS SHOWN "CAUSE," (SEE, JUDGE SHERMAN'S REPORT AND RECOMMENDATION FILED IN MAY OF 2001). PETITIONER FURTHER DEMONSTRATED ACTUAL "PREJUDICE." ACCORDINGLY, PETITIONER REQUEST OF THE DISTRICT COURT JUDGE TO REJECT THE MAGISTRATE'S RECOMMENDATIONS.

(26)

## IX. FUNDEMENTAL MISCARRIAGE OF JUSTICE

IN THE REPORT AND RECOMMENDATIONS, THE MAGISTRATE RECOMMENDED THAT PETITIONER HAD FAILED TO DEMONSTRATE A "FUNDEMENTAL MISCARRIAGE OF JUSTICE."

PETITIONER "OBJECTS" TO THE RECOMMENDATION OFFERED THE MAGISTRATE JUDGE. PETITIONER STATES THAT A "FUNDEMENTAL MISCARRIAGE OF JUSTICE" HAS BEEN DEMONSTRATED IN THIS CASE: (1) MARCUM HAS BEEN DENIED HIS CONSTITUTIONAL RIGHT TO COUNSEL, WHICH DOES DEMONSTRATE A "FUNDEMENTAL MISCARRIAGE OF JUSTICE.," (2) PETITIONER STATES THAT A "FUNDEMENTAL MISCARRIAGE OF JUSTICE" IS SHOWN ON GROUNDS THAT, AT TRIAL, MARCUM TOLD THE JURY THAT THERE WERE "MEDICAL RECORDS" WHICH WOULD HAVE SHOWN THAT OFFICER GROSS DID "ASSAULT" MARCUM. MARCUM TOLD THE JURY THAT OFFICER GROSS COMMITTED "PERJURY" BY TESTIFYING TO THE JURY THAT MARCUM DID NOT HAVE ANY "INJURIES" WHATSOEVER. THE STATE OF OHIO ADMITS THAT THEY "DESTROYED" MARCUM'S MEDICAL RECORDS. THESE SAME "MEDICAL RECORDS" SHOWED MARCUM'S

(27)

"INJURIES."

ON FEBRUARY 10TH, 2003, JUDGE SHERMAN
FILED AN ORDER TOWARDS THE RESPONDENT TO
OBTAIN MARCUM'S "MEDICAL RECORDS." (SEE,
T.D. # 19). ON MARCH 11TH, 2004, FEDERAL
COURT AGAIN ORDERED THE RESPONDENT TO
OBTAIN MARCUM'S "MEDICAL FILE." (SEE,
T.D. # 27). ON MARCH 15TH, 2004, THE
RESPONDENT ANSWERED THIS COURT'S ORDER.
(SEE: T.D. # 28). THE RESPONDENT ADMITTED
THAT THE "MEDICAL RECORDS" WERE "DESTROYED"
BY GOVERNMENT OFFICIALS. (Id.) MARCUM
MADE A "RESPONSE," AN "OBJECTION," AND
A "REQUEST" TO THE RESPONDENT'S ANSWER
TO THE MEDICAL RECORDS. (SEE, T.D. # 31,
T.D. # 32). PETITIONER NOW "OBJECTS" TO
MAGISTRATE'S RECOMMENDATIONS, (T.D. # 34
AND T.D. # 35) FOR RECOMMENDING THAT
MARCUM HAS FAILED TO DEMONSTRATE A
"FUNDEMENTAL MISCARRIAGE OF JUSTICE"
PERTAINING TO MARCUM'S MEDICAL RECORD
EVIDENCE. THESE MEDICAL RECORDS WOULD
HAVE SHOWN THAT OFFICER GROSS ASSAULTED
MARCUM ... THESE MEDICAL RECORDS WOULD
HAVE SHOWN THAT OFFICER GROSS COMMITTED
PERJURY AT TRIAL., THESE MEDICAL RECORDS
WOULD PROVEN THAT MARCUM WAS TELLING

(28)

THE TRUTH TO THE JURY., THESE MEDICAL
RECORDS WOULD HAVE "IMPEACHED" OFFICER
GROSS TESTIMONY., AND THESE MEDICAL
RECORDS WOULD PROVEN THAT MARCUM IS
"ACTUALLY INNOCENT" OF ALL CHARGES.

ACCORDINGLY PETITIONER "OBJECTS"
TO THE SUGGESTION THAT MARCUM FAILED
TO DEMONSTRATE A "FUNDEMENTAL MIS-
CARRIAGE OF JUSTICE." (3) PETITIONER
"OBJECTS" ON ADDITIONAL GROUNDS: DUE
TO "INEFFECTIVE" ASSISTANCE OF COUNSEL
AT TRIAL ROSE TO THE LEVEL OF A
"FUNDEMENTAL MISCARRIAGE OF JUSTICE."
(4) "INEFFECTIVE" ASSISTANCE OF COUNSEL
ON DIRECT APPEAL ROSE TO THE LEVEL
OF A "FUNDEMENTAL MISCARRIAGE OF
JUSTICE., " (5) THE EXCESSIVE NUMBER
OF "PRIOR CONVICTIONS" PARADED TO
THE JURY ROSE TO THE LEVEL OF A
"FUNDEMENTAL MISCARRIAGE OF JUSTICE"
THAT DENIED MARCUM OF HIS RIGHT
TO A FAIR TRIAL., (6) INADEQUATE
LAW LIBRARY FACILITIES ROSE TO THE
LEVEL OF A "FUNDEMENTAL MISCARRIAGE
OF JUSTICE., " (7) PRISON OFFICIALS
INTERFERENCES ROSE TO THE LEVEL
OF A "FUNDEMENTAL MISCARRIAGE OF

(29)

JUSTICE.," (8) THE FACT THAT THE OHIO STATE COURTS FAIL TO FOLLOW THE "GOOD CAUSE" OR "EXTRAORDINARY CIRCUMSTANCE" EXCEPTIONS TO THE RULES FOUND IN APP. R. 14(B), 26(A), AND 26(B), RISES TO THE LEVEL OF A "FUNDEMENTAL MISCARRIAGE OF JUSTICE.," (9) THE FACT THAT OHIO APP. R. 14(B), 26(A), AND 26(B), ARE NOT AN "ADEQUATE" OR "INDEPENDENT" STATE COURT REMEDY, ROSE TO THE LEVEL OF A FUNDEMENTAL MISCARRIAGE OF JUSTICE ... BECAUSE THE STATE COURTS FAILURE TO APPLY THE "INADEQUATE" REMEDY DOCTRINE, DENIED PETITIONER FROM BEING HEARD ON THE MERITS OF HIS UNDERLYING CONSTITUTIONAL CLAIMS. ACCORDINGLY, PETITIONER DID DEMON-STRATE A "FUNDEMENTAL MISCARRIAGE OF JUSTICE." (10) PETITIONER DEMON-STATED A "FUNDEMENTAL MISCARRIAGE OF JUSTICE" ON GROUNDS THAT HIS CONVICTION FOR "DEFRAUDING A LIVERY" IS BASED ON LEGALLY INSUFFICIENT EVIDENCE, AND IS VOID., AND (10) THE FACT THAT PETITIONER DID NOT HAVE ACCESS TO HIS TRIAL COURT TRANSCRIPT RECORD FOR PURPOSES OF PREPARING A TIMELY APPLICATION FOR REOPENING, LIKE-WISE WAS AMOUNTED TO A MISCARRIAGE OF JUSTICE.

(30)

## X. CLAIMS TO BE HEARD ON THIER MERITS

IN THE REPORT AND RECOMMENDATION, THE MAGI-
STRATE SUGGESTED THAT, WITH THE EXCEPTION OF
GROUND SEVEN, THAT THE MERITS OF MARCUM'S
UNDERLYING GROUNDS RAISED IN GROUNDS ONE
THROUGH SIX ... SHOULD NOT BE DECIDED ON
THEIR "MERITS" ... BECAUSE, ACCORDING TO
THE MAGISTRATE ... MARCUM FAILED TO DEMON-
STRATE SUFFICIENT "CAUSE" OR "PREJUDICE"
OR A "FUNDAMENTAL MISCARRIAGE OF JUSTICE"
TO EXCUSE MARCUM'S STATE COURT PROCEDURAL DE-
FAULTS, IN ORDER TO BE HEARD ON THE
MERITS ON HIS UNDERLYING CONSTITUTIONAL
GROUNDS ASSERTED IN GROUNDS ONE THROUGH
SIX OF HIS HABEAS CORPUS PETITION.

PETITIONER "OBJECTS" TO THE RECOMMENDATION
SUGGESTED BY THE MAGISTRATE ON GROUNDS
THAT: (1) MARCUM DID ESTABLISH SUFFICIENT
"CAUSE" AND "PREJUDICE" AND A "FUNDAMENTAL
MISCARRIAGE OF JUSTICE -," AND (2) MARCUM
DID DEMONSTRATE A CONSTITUTIONAL VIOLA-
TION IN GROUNDS ONE THROUGH SEVEN WHICH
WARRANTED HABEAS CORPUS RELIEF BASED
ON THE "MERITS" ON EACH GROUND RAISED
IN THE PETITION. ACCORDINGLY, PETITIONER
"OBJECTS" TO THE MAGISTRATE'S RECOMMENDATIONS.

(31)

## XI. PETITIONER'S CLAIM FOR RELIEF RAISED IN GROUND SIX WARRENTED HABEAS CORPUS RELIEF

IN GROUND NO. SIX... PETITIONER/MARCUM RAISED THE SPECIFIC CLAIM THAT HIS COUNSEL ON DIRECT APPEAL WAS "INEFFECTIVE" FOR FAILING TO FILE AN APPLICATION FOR "RECONSIDERATION" PURSUANT TO APP. R. 14(B) AND 26(B).

SPECIFICALLY, MARCUM ARGUED THAT THE UNITED STATES SUPREME COURT DECISION IN " OLD CHIEF VS. UNITED STATES, " "OVER-RULED" THE DECISION HELD IN STATE VS. MARCUM, PERTAINING TO MARCUM'S THIRD ASSIGNMENT OF ERROR RAISED BY APPELLATE COUNSEL PERTAINING TO MARCUM'S "PRIOR CONVICTION." HOWEVER, APPELLANT COUNSEL FAILED TO FILE AN APPLICATION FOR "RECONSIDERATION" PREDICATED ON THE "INTERVENING" SUPREME COURT DECISION WHICH, UNDER "THE CASE OF LAW DOCTRINE" COUPLED WITH THE HOLDING ITSELF ESTA-BLISHED IN OLD CHIEF, WARRANTED APPELLATE COUNSEL TO FILE AN APPLICATION FOR "RECONSIDERATION" OF THE APPELLATE COURT JUDGEMENT. ACCORDINGLY, PETITIONER "OBJECTS" AND REQUEST TO ISSUE THE WRIT ON THIS CLAIM.

(32)

## XII.   CERTIFICATE OF APPEALABILITY

THE MAGISTRATE RECOMMENDED THAT GROUND NOS. 3, 4, 5, AND, A PORTION OF GROUND NO. 7, ALL BE CERTIFIED ON APPEAL BY GRANTING TO MARCUM THE RIGHT TO A CERTIFICATE OF APPEALABILITY.

PETITIONER "OBJECTS" FIRST ON GROUNDS PERTAINING TO THE MAGISTRATE'S FAILURE TO RECOMMEND THAT HABEAS CORPUS RELIEF BE GRANTED ., AND, CONTRARY TO THE RECOMMENDATION SUGGESTED BY THE MAGISTRATE... PETITIONER STATES THAT ALL SEVEN (7) GROUNDS RAISED FOR HABEAS CORPUS RELIEF... DOES RAISE A "CONSTITUTIONAL QUESTION DEBATABLE BY JURIST OF REASON," WITH WHICH AUTHORIZES A CERTIFICATE OF APPEALABLITY ON ALL SEVEN CONSTITUTIONAL GROUNDS IN MARCUM'S HABEAS CORPUS PETITION.

IN ADDITION, PETITIONER PRAYS FOR AN ORDER TO ISSUE THE WRIT.

AS AN OUTSET,   PETITIONER STATES THAT HIS CHALLENGES RAISED IN PART NO. I OF HIS TRAVERSE, CHALLENGING THE CONSTITUTIONALITY OF THE (A.E.D.P.A), PRESENTS DEBATABLE QUESTIONS, TO WHICH THE RIGHT TO A CERTIFICATE OF APPEABILITY ATTACHES.

(33)

## XIII. APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING

PETITIONER FURTHER "OBJECTS" TO THE ORDER(S) FILED ON MARCH 11TH, 2004., AND ON JUNE 17TH, 2004, "DENYING" PETITIONER'S MOTIONS FOR "APPOINTMENT OF COUNSEL" AND TO HOLD AN "EVIDENTIARY HEARING." (SEE: T.D. # 27, T.D. # 34).

PETITIONER FILED HIS MOTIONS FOR COUNSEL TO BE APPOINTED, "PURSUANT THE CRIMINAL JUSTICE ACT" AND TO HOLD AN "EVIDENTIARY HEARING." (SEE, T.D. # 23, T.D. # 31 AND T.D. # 33).

ACCORDINGLY, PETITIONER RENEWS THESE REQUESTS. PETITIONER RESPECTFULLY REQUESTS A "HEARING" AND FOR "APPOINTMENT OF COUNSEL" TO ASSIST THIS PETITIONER. PETITIONER FURTHER RESPECTFULLY REQUESTS THAT THE ORDER(S) "DENYING" PETITIONER'S MOTIONS BE REJECTED. THE MAGISTRATE JUDGE FILED THESE ORDERS DENYING THE REQUESTS. (T.D. # 27, AND T.D. # 34), MARCUM FILED MOTION FOR "RECONSIDERATION" (T.D. # 33), WHICH IS STILL PENDING FOR ADJUDICATION ON THE MERITS. WHEREFORE, PETITIONER ASK FOR HEARING AND FOR COUNSEL.

(34)

## XIV. HABEAS CORPUS AD TESTIFICANDUM

ON SEPTEMBER 24TH, 2003, MARCUM FILED A "COMMON LAW WRIT" (WRIT OF HABEAS CORPUS AD TESTIFICANDUM). (SEE: T.D. # 24). ON MARCH 11TH, 2004, THE MAGISTRATE JUDGE SUMMARILY DENIED THE COMMON LAW WRIT WITHOUT AN OPINION OR EXPLAINATION WHY. THE ORDER DENYING THE WRIT FILED TO STATE ANY "FINDINGS OF FACT" OR "CONCLUSIONS OF LAW."

PETITIONER FILED A MOTION FOR A RECONSIDERATION. (T.D. # 33). PETITIONER "OBJECTS" TO THE ORDER FILED BY THE MAGISTRATE.

## XV. CONCLUSION

PETITIONER RESPECTFULLY MOVES THE DISTRICT COURT FOR AN ORDER "REJECTING" THE ORDERS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE BASED ON ALL OF THE ABOVE FOREGOING "OBJECTIONS."

RESPECTFULLY SUBMITTED,

Ted Marcum

TED MARCUM, PETITIONER PRO SE

(35)

XVI.    CERTIFICATE OF SERVICE

THIS IS HEREBY TO CERTIFY TO THAT
A TRUE COPY OF THE FOREGOING "OBJECTIONS"
TO THE MAGISTRATE JUDGE REPORT AND
RECOMMENDATIONS, HAVE BEEN SERVED UPON
MR. STUART A. COLE, ASSNT. ATTORNEY GENERAL
OF OHIO, AT: 150 GAY STREET, COLUMBUS,
OHIO 43215, ON THIS 15TH DAY OF SEPTEMBER,
2004, BY: REGULAR U.S. MAIL, POSTAGE
PREAFFIXED.

*Ted Marcum*

TED MARCUM, PRO SE

XVII.    AFFIDAVIT UNDER PENALTY OF PERJURY

AFFIANT, TED MARCUM, DOES HEREBY
VERIFY TO, UNDER DECLARATION OF PENALTY
OF PERJURY, ARE CORRECT AND TRUE
WITHIN THE BEST INTELLIGENCE OF THIS
PETITIONER/AFFIANT., AND HE VERILY
BELIEVES THE SAME TO BE CORRECTLY TRUE.
EXECUTED ON 15TH DAY OF SEPTEMBER, 2004.

*Ted Marcum*

TED MARCUM, AFFIANT
239 NORTH 9TH ST.
HAMILTON, OHIO 45011