UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM,

               Petitioner,

      v.                                        C-1-02-425

OHIO ADULT PAROLE AUTHORITY,

               Respondent.

## ORDER

This matter is before the Court on the Report and Recommendation of the United States Magistrate Judge (doc. no. 35), Respondent's objection (doc. no. 36), and Petitioner's objections to the Report (doc. no. 39). In his Report and Recommendation the Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus (doc. no. 2) be dismissed with prejudice and that a certificate of appealability issue on grounds three, four, five and seven of the Petition.

## STATE COURT PROCEEDINGS

The details of Petitioner Ted Marcum's crimes are not material to the matter at hand, but an apt summary may be found in Marcum's Appeal from the Butler County Court of Common Pleas of August 7, 1996.  Marcum was convicted on February 5, 1996 by a Butler County, Ohio jury on one count of defrauding a livery, with an attached prior conviction specification; one count of assault, also with an attached prior conviction specification; one count of disorderly conduct; and one count of resisting arrest. Petitioner was sentenced to concurrent terms of two to five years for the assault offense, one to five years for the defrauding a livery offense, ninety days for disorderly conduct, and thirty days for resisting arrest.

1

Petitioner's trial attorney filed a motion to vacate or correct sentence with the trial court, on March 4, 1996, which was rejected on March 8, 1996. With the assistance of new counsel, Petitioner filed a direct appeal, alleging three errors at trial, with the Ohio Court of Appeals, Twelfth Appellate District. None of these errors are raised in this Petition. On December 23, 1996, the Court of Appeals denied Petitioner's assignments of error. Petitioner next applied, *pro se*, to the Ohio Supreme Court which found no "substantial constitutional question," and dismissed Petitioner's appeal on April 9, 1997.

On May 1, 1997, Petitioner filed a "Motion To Enlarge Time On Filing Motion To Reopen Appeal On Reconsideration Pursuant To App. R. 26 (B)" with the Ohio Court of Appeals, Twelfth Appellate District. Therein, the Petitioner requested that the 90 days afforded to him by Rule 26(B) of the Ohio Appellate Rules of Procedure, during which he could apply for reopening of his direct appeal, run from the denial of his appeal to the Ohio Supreme Court rather than the denial of his direct appeal. Petitioner did not submit an application to reopen, and, on August 5, 1997, almost one month after the July 8, 1997 deadline that Petitioner requested, the Court of Appeals denied his motion. Petitioner claims that he did not receive a copy of this order until September 25, 1997, due to an error by his Case Unit Social Worker. Petitioner never appealed this decision to the Ohio Supreme Court. On September 18, 1998, more than one year later, he did file a motion requesting leave to submit a supplemental brief to the Ohio Court of Appeals. The Court of Appeals denied the motion on October 6, 1998, reasoning that the matter was concluded by its order of August 5, 1997. Petitioner appealed this decision to the Ohio Supreme Court. He raised several substantive claims including ineffective assistance of counsel and a claim that Rule 26(B) of the Ohio Rules of Appellate Procedure violated his Due Process and Equal Protection rights as provided by the United

States Constitution. Petitioner claimed the Rules did not provide sufficient time to submit an application, and discriminated between the wealthy and the poor by not providing an attorney to assist Petitioner in meeting the deadline for filing. The Ohio Supreme Court, again, found no substantial constitutional question, and declined to consider the claims on their merits.

## FEDERAL HABEAS PROCEEDINGS

On May 14, 1998, Petitioner submitted his first Petition for Writ of Habeas Corpus to this Court. He raised varying claims of ineffective assistance of counsel and essentially the same claim of unconstitutionality regarding Rule 26(B) of the Ohio Rules of Appellate Procedure that he raised on his appeal to the Ohio Supreme Court. The United States Magistrate Judge recommended a finding that all of Petitioner's claims were procedurally barred. Because of the uncertainty of the implications of *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), the Magistrate Judge further recommended that the Court dismiss the case without prejudice to allow Petitioner the opportunity to exhaust a potential delayed application for reopening on his claim that Ohio Rule of Appellate Procedure 26(B) was unconstitutional. On September 17, 2001, the Court adopted the Report and Recommendation, dismissing the petition without prejudice on exhaustion grounds. The dismissal order contained a provision tolling the running of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) as of the date the Petition was filed, subject to two conditions: (1) that Petitioner pursue the state remedy within thirty days, and (2) that he file a renewed federal habeas petition within thirty days after exhausting his state remedies.

On October 16, 2001, within the requisite thirty-day period, Petitioner filed a "Delayed Application For Reconsideration and Reopening Of The Direct Appeal." The Ohio appellate court denied Petitioner's application on the ground that he had not shown good cause why it was not filed in a timely manner. The appellate court did, however, address Petitioner's claim regarding the unconstitutionality of Rule 26(B). It distinguished *White* by saying that ineffective assistance of counsel claims are only available in Rule 26(B) actions when the attorney has agreed to represent the petitioner. After appealing to the Ohio Supreme Court, the Petitioner's  appeal was again dismissed "as not involving any substantial constitutional question" on May 1, 2002.

This Petition was received for filing June 7, 2002. The Respondent contends that Petitioner is time-barred because Petitioner failed to file his Petition by June 1, 2002 in compliance with the second condition of the tolling provision in the order to dismiss without prejudice. Respondent, therefore, argues that Petitioner is precluded from claiming equitable tolling of the one-year statute of limitations of 28 U.S.C.§ 2244(d). However, Petitioner signed the Petition May 29, 2002, and the delay appears to have resulted mostly from the prison cashier's delay in actually mailing it out. A prisoner's mailing is considered filed with the court at the time it is signed and turned over to the designated prison official for mailing. *Houston v. Lack*, 487 U.S. 266, 273 (1988). This Court finds the Petitioner to be in compliance with the conditions that it provided to allow equitable tolling.

## JURISDICTION

Although the Court has not found a problem with Petitioner's compliance with the second condition of its Order of Dismissal, the Court's jurisdiction over this case is at issue, in light of the United States Supreme Court's recent decision in *Bowles v. Russell*, 127 S.Ct. 2360 (2007). In making clear that United States Federal Courts do not have authority to create exceptions, such as equitable tolling, to "statute-based" periods for filing of notice, the Supreme Court forthrightly states: "We have repeatedly held that this statute-based filing period for civil cases is jurisdictional." *Id*. at 2365.

The one-year statute of limitations of 28 U.S.C.§ 2244(d) begins for Petitioner on August 5, 1997, the date on which the Ohio Court of Appeals rejected his appeal, and the judgment became final upon conclusion of the direct review. 28 U.S.C.§ 2244(d)(1)(A). Strictly construed as running from that date, the Petitioner would not have been eligible to submit his second Petition without the equitable tolling of this Court.

The Court believes that the instant situation is distinguishable from that of *Bowles*, however. The holding of *Bowles* concerns the appellant's failure to file his notice of appeal in accordance with the statutory time limit for filing notice. *Bowles*, 127 S.Ct. at 2362. The appellant in that case had failed to meet the *initial* deadline for filing his appeal, and the District Court attempted to extend that deadline, through equitable tolling, beyond the range provided for by the statute. The statutory time restriction in 28 U.S.C.§ 2244(d)(1) also involves an *initial* filing. The plain text states: "A 1-year period of limitation shall apply to an *application* for a writ of habeas corpus." (emphasis added). The statutory time limit provided by 28 U.S.C.§ 2244(d)(1) relates to the Petitioner's application. Once Petitioner has complied with this *initial* statutory time limit, the District Court has jurisdiction, and may provide for equitable tolling as this Court did in the present case.

This distinction between equitable tolling for the initial application for habeas corpus and equitable tolling granted after the Court has already taken jurisdiction was recognized in Justice Stevens's concurrence, in which Justice Souter joined, in *Duncan v. Walker*, 533 U.S. 167 (2001). In *Duncan*, Justice Stevens is careful to point out that the majority's strict interpretation of the A.E.D.P.A.'s one-year statute of limitations does not preclude equitable tolling for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Id.* at 184. The Sixth Circuit adopted an equitable tolling procedure to accommodate that class of petitioners in *Palmer v. Carlton*, 276 F.3d 777, 781-782 (6th Cir.2002), and has consistently found such equitable tolling to be available. *See*, e.g., *Griffin v. Rogers*, 399 F. 3d 626, 630-631 (6th Cir. 2005). This Court finds no reason to believe that the holding of *Bowles* undermines the capacity of District Courts to grant equitable tolling when Petitioner has met his initial filing deadline, and the Court later dismisses, without prejudice, to allow exhaustion of Petitioner's state claims. The Court will consider Petitioner's claims.

## **APPLICABLE LAW**

Because Marcum filed his Petition for Writ of Habeas Corpus after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (A.E.D.P.A.), that statute governs the Court's review of this case. A writ of habeas corpus may not be granted under A.E.D.P.A. for any claim that was adjudicated on the merits in state court unless the adjudication of that claim- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding. 28 U.S.C. §§ 2254(d)(1)-(2). If the state court has not reached the merits of a claim, however, the District Court may be procedurally barred from considering such claim.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1) and (c). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See*, *e.g. Blackmon v. Booker*, 394 F.3d 399 (6th Cir. 2004).

If Petitioner fails to present his claim to the state's highest court, or commits some other procedural default to preclude review of the merits of Petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. See, *e.g.*, *Fuller v. McAninch*, 95 F.3d 1152 (6th Cir.1996). If, because of a procedural default, Petitioner has not had his claims considered by the state's highest court on the merits, and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review, unless he can demonstrate cause for the default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *See* also *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 418 (6th Cir. 2003).

7

After reviewing the Report and Recommendation of the Magistrate Judge, the District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Flournoy v. Marshall*, 842 F.2d 875, 877 (6th Cir. 1988).

## SUMMARY OF REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The Petition for Writ of Habeas Corpus, currently under consideration, contains seven grounds upon which Petitioner bases his request for relief. In the Report and Recommendation (doc. no. 35), the Magistrate Judge recommended that the Court find that, under the A.E.D.P.A., the Court is procedurally barred from considering the merits of Petitioner's first six grounds. Additionally, the Magistrate Judge recommended that the seventh ground be denied on its merits.

Grounds (1) and (2): Petitioner states he was denied his right to timely raise a claim of ineffective appellate counsel due to an inadequate prison law library, his appellate attorney's delayed transmission of his trial transcript and his case worker's late conveyance of the Ohio Appellate Court's judgment on his application for reopening a direct appeal. The United States Magistrate Judge recommended the Court find that, as a matter of law, an inadequate prison library and lack of a trial transcript are not sufficient cause to excuse an untimely application. The Magistrate Judge further recommended that the Court find that, while late delivery of the appellate court's judgment may represent sufficient cause, the excuse lasts only as long as the cause itself and Petitioner did not apply in a timely manner after receiving the judgment.

Ground (3): Petitioner argues that Ohio Appellate Rule 26 (B) is unconstitutional because it does not provide for assignment of counsel to indigent appellants who are making claims of ineffective assistance of appellate counsel. The Magistrate Judge recommended the Court find that although *White v. Schotten* suggested that such a right may exist, subsequent decisions of both Ohio courts and the United States Court of Appeals for the Sixth Circuit Courts do not support that finding. Ohio courts before and after *White* have consistently held that applications for reopening are post-conviction matters, and, thus, not implicated by the Sixth Amendment right to counsel.

Grounds (4), (5) and (6): Petitioner contends that he was denied effective assistance of appellate counsel when his appellate attorney failed to: raise the issue of insufficient evidence on his conviction for defrauding a livery; raise the issue of ineffective assistance of counsel on the part of his trial attorney; and file a motion for reconsideration under Ohio Appellate Rules 14(B) and 26(A). The Magistrate Judge did not address the merits of these claims and recommended they be procedurally barred.

In Ground (7): Petitioner contends that Ohio Appellate Rules 14(B), 26(A) and 26(B) are neither "adequate" nor "independent" grounds to procedurally bar Petitioner's claims and that Ohio state courts fail to follow the "good cause" exception to procedural barring. The Magistrate Judge concludes that rules 14(B) and 26(A) were inapplicable to the Petitioner's case. Additionally, the Magistrate Judge recommends the Court find that the time limitations imposed by the State are self-evidently "independent" of the merits of Petitioner's claims and that they are "adequate," because they were both "firmly established" and "regularly followed" by the Ohio Courts at the time of Petitioner's applications. The Magistrate Judge concluded that Petitioner's claim that the Ohio Courts failed to follow the "good cause" exception is conclusory and unsupported, and recommended the Petition not be granted on this last Ground.

## OBJECTIONS TO REPORT AND RECOMMENDATION AND ANALYSIS

On September 16, 2004, the Petitioner filed fourteen objections in response to the Magistrate Judge's Report and Recommendation. The Court will now review and address each of Petitioner's objections *de novo*. In order to more clearly address each issue in turn, the Court has summarized each objection, and sequentially numbered each issue within the objection.

### Objection One: Magistrate Judge Lacks Authority

Petitioner argues that the Magistrate Judge lacks authority to participate in habeas corpus proceedings because he is not an Article III judge.

The Court addressed the issue raised in this objection in its Order of March 31, 2006 (doc. no. 42). As the Court stated, it has been clearly established that 28 U.S.C. § 636(b)(1)(A) provides the Magistrate Judge with the authority to hear and make recommendations on certain pretrial matters with review by the District Judge under the "clearly erroneous" standard. Additionally, 28 U.S.C. § 636(b)(1)(B) provides the Magistrate Judge with the authority to conduct hearings, including evidentiary hearings, and to submit to the District Judge proposed findings of fact and recommendations for the disposition by the District Judge of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement. The District Judge shall then make a *de novo* determination on the findings to which the Petitioner objects, as discussed in the Standard of Review, *supra*.

This Objection is without merit.

**Objection Two: A.E.D.P.A. is Unconstitutional and May Not Be Applied to Petitioner**

Petitioner argues that the Antiterrorism and Effective Death Penalty Act of 1996 is unconstitutional because it violates the Separation of Powers and "practices in equity and at common law." Also, he contends it should not apply to Petitioner because he is neither a terrorist nor has he been sentenced to the death penalty.

The Court addressed this issue in its order of March 31, 2006 (doc. no. 42) as well. This Court finds that the Supreme Court of the United States has instructed us that the A.E.D.P.A. is constitutional. In fact, in *Felker v. Turpin*, 518 U.S. 651, 667 (1996), Justices Souter, Stevens and Breyer instruct that they have no difficulty with the conclusion that the A.E.D.P.A. is not on its face, or as it is applied here, unconstitutional. This Court agrees. Regarding the second issue, that the A.E.D.P.A. should not apply to Petitioner, 28 U.S.C. § 2254 (d) states plainly that it applies to applications for writ of habeas corpus by persons in custody pursuant to the judgment of a state court. The language applies equally to all applicants regardless of the crime for which they were convicted, or the punishment to which they were sentenced.

This Objection is without merit.

**Objection Three: Application was Filed Pursuant to Rules 14(B), 26(A) and 26(B)**

Petitioner claims his application for reopening was filed pursuant to Ohio Rules of Appellate Procedure 14(B) and 26(A), in addition to 26(B), because he cited all three as statutory authority in his petition. Because Petitioner makes a legally indistinguishable claim in Objection Four, the Court's analysis will follow that Objection.

**Objection Four: Standing to Challenge the "Extraordinary Circumstance" exception
pursuant to Ohio Rule of Appellate Procedure 26(A)**

Petitioner claims he has "standing" to challenge Ohio Rules of Appellate Procedure 14(B)
and 26(A) because he cited both in his application for reopening.

Upon a *de novo* review of the record in light of the objections of the Petitioner, the Court
finds that Objections Three and Four have either been adequately addressed and properly disposed
of by the Magistrate Judge or present no particularized arguments that warrant specific responses
by this Court. The District Court adopts the recommendation on this issue.

The adequacy of Ohio Rule of Appellate Procedure 26(A) is not relevant to Petitioner's
claim, because Petitioner has never submitted an Application for Reconsideration pursuant to Rule
26(A). A bare citation to the Rule in his "Delayed Application For Reconsideration and Reopening"
of October 16, 2001 does not create an application for reconsideration. Rule 14(B), which allows
for late filings only if "good cause" is shown, is relevant only as far as it informed the state court's
decision to procedurally bar Petitioner's claim under Rule 26(B). The "adequacy" and
"independence" of that "good cause" standard to bar Petitioner's substantive claims is addressed
below.

These Objections are without merit.

**Objection Five: Rules 14(B), 26(A) and 26(B) are neither adequate nor independent**

The Petitioner states that Ohio Rules of Appellate Procedure 14(B), 26(A) and 26(B) are
neither adequate nor independent (1) in light of *White v. Schotten*;  (2) because state courts do not
actually find "good cause" when it exists; (3) because state courts do not follow "good cause" as
established by federal law; (4) because state courts do not find ineffective assistance of counsel
when it exists; and (5) these rules rely on federal law.

12

This Court finds that Ohio Rule 26(B), and Rule 14(B) to the extent it is invoked, are adequate and independent as those terms are construed by the United States Court of Appeals for the Sixth Circuit. As stated above, Rule 26(A) of the Ohio Rules of Appellate Procedure is not at issue in this case. A state procedural rule is "independent" when it does not rely on federal law. *Coleman*, 501 U.S. at 732. The state court's decision to deny Petitioner's application due to timeliness clearly does not rely on federal law. A state rule is "adequate" when it is both "firmly established" and "regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). The Magistrate Judge's analysis supports a finding that the rule was "firmly established" and "regularly followed" by the time of Marcum's first application for reopening in May of 1997. This analysis is affirmed in the more recent case, *Williams v. Bagley*, 166 Fed.Appx. 176 (6th Cir. 2006). In *Williams*,  the Sixth Circuit discusses the "adequacy" of Rule 26(B) and finds that, "This court has previously held that Rule 26(B) has satisfied this test since at least 1996." *Id*. at 180.

Additionally, in issue (1), the Petitioner cites *White v. Schotten*, which suggests, in dicta, that the "good cause" requirement to overcome a procedural bar may not have been adequate at the time, due to a variety of interpretations by Ohio Courts regarding its meaning. The Sixth Circuit's more recent holding, in *Monzo v. Edwards*, 281 F. 3d 568, 577 (6th Cir. 2002), however, disagrees with the dicta of *White*. As the Magistrate Judge explains, the law regarding what constituted a "good cause" exception to the rule was well-settled when Petitioner made his first step toward reopening his appeal on May 1, 1997. The law was even more well-settled when, over a year later, in September 1998, Petitioner filed his Motion for Leave to File a Supplemental Brief in a second attempt to reopen his appeal and when in October 2001, he finally filed a delayed application for reopening with the Ohio Court of Appeals. The Magistrate Judge's analysis was confirmed when the

Sixth Circuit, in a judgment later that year, recognized *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (Ohio 1995) as firmly establishing Ohio law with regard to "good cause" in *Carpenter v. Edwards*, 113 Fed.Appx. 672, 677 (6th Cir. 2004).

In issues Two and Four, Petitioner makes the bare allegation that Rules 14(B) and 26(B) are inadequate because the state courts do not actually find "good cause" or find ineffective assistance of counsel when they actually exist. This claim is completely unsupported by the Petitioner, so there is no need for the Court to address it. In Issues Three and Five Petitioner suggests that the Ohio courts do not follow federal law regarding "good cause." The adequacy of the rules in regard to federal law are discussed extensively *supra*.

Accordingly, this Objection is without merit.

### Objection Six: Demonstrations of Good Cause

Petitioner claims that "good cause" to avoid the procedural barring of claims was demonstrated by (1) ineffective assistance of counsel at trial and on appeal; (2) ineffective assistance of counsel due to appellate counsel's failure to file an application for reopening or reconsideration; (3) lack of access to trial transcripts; (4) fluctuation of state laws that are not "firmly established;" (5) a change in state law that misled Petitioner regarding tolling of the statute of limitations on application for reopening; (6) Ohio Appellate Rules being unconstitutional because they do not provide for appointed counsel for applications for reopening or reconsideration; (7) Ohio Appellate Rules not being "adequate" or "independent;" (8) a case worker misplacing his mail; (9) an inadequate law library misleading Petitioner; and (10) not having counsel to help him submit an application to reopen.

Petitioner then claims the Magistrate Judge's finding of procedural default is incorrect for the following reasons: (11) Petitioner filed a "Motion To Enlarge Time On Filing Motion To Reopen Appeal On Reconsideration Pursuant To App. R. 26 (B)" and a Motion for Leave to File a Supplemental Brief" rather than an actual application because of: the change in statute of limitations law, an inadequate law library, no counsel being provided, Petitioner being indigent and incarcerated, prison official interference, and the fact that he was preparing numerous briefs with limited time and resources; (12) Petitioner did not file by the deadline he requested because: he was put in isolation, his papers were seized, he had no access to his papers or a law library; (13) Petitioner waited one year to file a supplemental brief because: Petitioner wanted to be deferential and ask leave of the court, and the court did not respond to his motion requesting an extension beyond July 8; (14) Petitioner failed to appeal the appellate court's denial of his request for extension of the July 8 deadline to the Ohio Supreme Court because he believed he was not allowed to file a delayed appeal pursuant to Rule 26, according to the Ohio Rules of Local Supreme Court Practice and Procedure.

Issues One through Ten reiterate each of Petitioner's claims of "good cause" for failure to comply with the statute of limitations for Ohio Rule of Appellate Procedure 26(B).

The Court finds that Issues Three through Nine have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court. Indeed, the Magistrate Judge's analysis of the constitutionality of Rule 26(B) regarding failure to provide counsel on an application to reopen, as raised in Issue Six, *supra*, has only been strengthened. At the time of the filing of the Report and Recommendation, the Sixth Circuit was preparing for an *en banc* rehearing of *Lopez v. Wilson*, 426 F.3d 339 (6th Cir.

2005). In that decision the court explicitly overruled *White*, holding that a motion to reconsider is a post-conviction, collateral procedure to which the right to an attorney does not extend. *Id*. at 340. *See also*, *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426 (6th Cir.2006), rehearing and rehearing *en banc* denied (Jan 19, 2007).

The plain language of 28 U.S.C.§ 2254 disallows Issues Two and Ten. The ineffectiveness or incompetence of counsel during federal or state collateral proceedings shall not be a ground for relief in a proceeding arising under section 2254. 28 U.S.C.§ 2254 (i) Because Petitioner was not due assistance of counsel on his application to reopen, he cannot claim ineffective assistance of counsel at that stage. *Coleman*, 501 U.S. at 752. The holding of *Lopez,* that Rule 26(B) is a collateral remedy, disposes of these assertions of "good cause."

In Issue One, the Petitioner does not clarify and enumerate what type of ineffective assistance of counsel on appeal and at trial constituted cause for his late filing, unless he is repeating Issue Two, Three, or Ten. The Court does not find any evidence of ineffective assistance of counsel in the record separate from those three Issues.

The finite duration of any excuse for lack of a filing undermines Petitioner's explanations presented in Issues Eleven through Thirteen. As addressed by the Magistrate Judge, regarding Petitioner's purported misapprehension of Ohio law, "[g]ood cause can excuse the lack of a filing only while it exists, not for an indefinite period." See, *e.g*., *State v. Carter*, 70 Ohio St. 3d 642, 640 N.E.2d 811 (Ohio 1994) (per curiam). No continuous good cause existed for the, almost, entire year between the time when the Petitioner received his denial from the Ohio Court of Appeals on September 25, 1997, and the time of his next filing with the Ohio Courts, September 18, 1998.

16

Finally, Petitioner's claim in Issue Fourteen, that he failed to appeal the denial of the Ohio Court of Appeals because he believed he could not do so, is undercut by his own actions. Petitioner did, eventually, appeal to the Ohio Supreme Court more than a year later after the Ohio Court of Appeals denied his application for leave to submit a supplemental brief.

Accordingly, this Objection is without merit.

**Objection Seven: Applications under Rule 26 are Direct Appeal, not Post- Conviction**

Petitioner states the application for reopening is a direct appeal, to which the right to an attorney attaches, and not a post-conviction remedy. He argues that the Magistrate Judge is wrong to not follow the precedent of *White*.

As discussed in Objection Six , *supra*, *White* has been explicitly overturned on this issue. A Petitioner has no right to counsel on an application to reopen under Ohio Appellate Rule 26(B).

The Objection is without merit.

**Objection Eight: Cause and Prejudice Demonstrated**

The Petitioner claims he  has shown "cause" and "prejudice" as demonstrated in his entire habeas application.

As discussed in Objection Six, *supra*, Petitioner has failed to establish cause to excuse the procedural defaults, and, consequently, the Court does not need to address whether Petitioner was prejudiced.

This Objection is without merit.

17

**Objection Nine: Fundamental Miscarriage of Justice**

Petitioner claims he has shown a ruling against him would be a fundamental miscarriage of justice due to: (1) being denied the constitutional right to counsel; (2) the destroyed medical records that show Office Gross beat Petitioner and then lied about it at trial; (3) ineffective assistance of counsel at trial; (4) ineffective assistance of counsel on appeal; (5) an "excessive number of prior convictions paraded" to the jury; (6) an inadequate law library; (7) prison official interference; (8) the failure of Ohio to recognize "good cause" or "extraordinary circumstance" exceptions; (9) the fact that Rule 14(B), 26(A) and 26 (B) are neither adequate nor independent; (10) the fact that Petitioner's conviction for defrauding a livery is based on legally insufficient evidence; and (11) the lack of access to a trial transcript.

If Petitioner cannot demonstrate both cause and prejudice to excuse a procedural default in state court, the federal courts may only take jurisdiction if they determine that letting the conviction stand would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. See *also*, *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426 (6th Cir. 2006). In order to show a fundamental miscarriage of justice, Petitioner must show "by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found" him guilty. *Sawyer v. Whitley*, 505 U.S. 333 (1992). There is no evidence alleged above nor in the record, as a whole, to show by clear and convincing evidence that no reasonable juror would have found Petitioner guilty. Petitioner's unsubstantiated allegation of perjury by the arresting officer does not undermine the verdicts of the jury in his case. No fundamental miscarriage of justice is found.

This Objection is without merit.

**Objection Ten: Merits of Case**

Petitioner states that the claims should be heard on the merits because he has demonstrated cause, prejudice and that a fundamental miscarriage of justice would occur.

As discussed in Objections Six, Eight and Nine, *supra*, the Court does not find Petitioner has overcome the procedural bars blocking this Court from considering the merits of his claim.

This Objection is without merit.

**Objection Eleven: Failure of Counsel to File Application for Reopening.**

Petitioner claims the ineffective assistance of counsel for failing to file an application for reconsideration pursuant to Rule 26(B).

As noted by the Magistrate Judge, this claim has been procedurally defaulted because it was never addressed substantively by the state courts of Ohio. As discussed in Objection Six, *supra*, the Court finds that "good cause" does not exist to excuse Petitioner's procedural default of this claim.

This Objection is without merit.

**Objection Twelve: Certificate of Appealability**

Petitioner claims that habeas corpus relief should be granted on all seven claims and, failing that, a certificate of appealability should issue on all seven grounds, because each raises a "constitutional question debatable by a jurist of reason."

This Court adopts the Magistrate Judge's Recommendation that Grounds One through Six of the Petition be found to be procedurally barred, and that Ground Seven fails on its merits, but rejects the Magistrate's Recommendation that certificates of appealability be issued.

Regarding Grounds One through Six, this Court finds, in light of *Lopez*, that a "jurist of reason" would not find it "debatable whether this Court is correct in its procedural ruling," as is required by the first prong of the *Slack* test. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). As discussed *supra*, *White* has been overruled by *Lopez* and it is now the position of the United States Court of Appeals for the Sixth Circuit that no right to an attorney attaches to applications under Ohio Rule of Appellate Procedure 26(B). Thus, the first prong of the *Slack* test was not met on any of Petitioner's Grounds One through Six.

Regarding Ground Seven, a certificate of appealability shall not issue with respect to that claim for relief alleged in the Petition, which was addressed on its merits herein,  because Petitioner has not made a substantial showing that such grounds for relief state "viable claim[s] of the denial of a constitutional right" or are "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

### Objection Thirteen: Evidentiary Hearing

Petitioner requests an evidentiary hearing and appointment of counsel be granted.

The Petitioner has requested an Evidentiary Hearing in this objection, by a separate motion, (doc. no. 43) and by Motion for Telephone Conference (doc. no. 44). The request must be analyzed under the statutory language of 28 U.S.C. § 2254 (e).  If the applicant has failed to develop the factual basis of a claim in State court proceedings, no evidentiary hearing shall be granted unless the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered. 28 U.S.C. § 2254 (e)(2)(A). Having met that burden, the applicant must also show that the facts underlying the claim would be sufficient to show by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2254 (e)(2)(B).

The Court finds that the Petitioner has failed to develop the factual basis of his claim in state court proceedings. Grounds Three and Seven of Petitioner's Petition involve legal issues with no factual basis. The remaining grounds involve the conduct of Petitioner's appellate attorney and of a state prison official. The Petitioner defaulted his state court claims on these issues, and never developed a factual basis for them in state court hearings. The Court further finds that the Petitioner fails to fulfill the requirements of 28 U.S.C. § 2254 (e)(2)(A). The Petitioner has not presented an issue involving a new rule of constitutional law. The law surrounding the constitutional violations that Petitioner claims were long established at the time of his trial. His claims involve a factual predicate that could have been previously discovered and, in fact, were well known to him as they were occurring. Because the Petitioner did not meet the standards of 28 U.S.C. § 2254 (e)(2)(A), analysis of his claims under 28 U.S.C. § 2254 (e)(2)(B) are unnecessary. The Petitioner does not meet the requirements of 28 U.S.C. § 2254 (e)(2).  Accordingly, the Petitioners motions for evidentiary hearings and appointment of counsel are denied. Petitioner's request for a telephone conference is moot.

### Objection Fourteen: Habeas Corpus Ad Testificandum

Petitioner states that the Magistrate Judge summarily denied Petitioner's Motion for Habeas Corpus *Ad Testificandum* without opinion.

Under 28 U.S.C. § 2241 (c)(5), the writ of habeas corpus may extend to a prisoner if it is necessary to bring him into court to testify or for a trial. The Court does not find it necessary to bring Petitioner to testify. This motion is moot.

## CONCLUSION

Upon careful consideration of the Petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of Petitioner's objections, the Court finds that, except as amended *supra*, that pursuant to Title 28 U.S.C.  § 2254(b)(1) and (c), the Petitioner has procedurally defaulted Grounds (1)-(6) of his Petition. Petitioner has neither demonstrated cause for his numerous procedural defaults nor that a fundamental miscarriage of justice will occur if the merits of those claims are not reviewed by this Court. Moreover, Petitioner is not entitled to habeas relief to the extent he claims in Ground (7) that (1) the procedural bars set forth in Ohio Rule of Appellate Procedure 14(B), 26(A) and 26(B) could not be relied on by the state appellate courts as adequate and independent state grounds precluding habeas relief; and (2) the state appellate courts failed to follow the exceptions to those rules in this case. Therefore, Petitioner is not entitled to habeas corpus relief based on any of the seven claims asserted as grounds for relief in the Petition.

Further, the Court will not issue a certificate of appealability as discussed, *supra.  See Slack,* 529 U.S. at 475 (2000) (citing *Barefoot*, 463 U.S. 880, 893 & n.4); *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The uncertainty surrounding the implications of the *White* decision, which caused the Magistrate Judge to recommend issuance of certificates of appealablity, has been removed.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS** his Report and Recommendation in denying Grounds (1)-(7). The Court rejects the recommendation of the Magistrate Judge that any certificates of appealability should be issued. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED WITH PREJUDICE.** The case is **TERMINATED** on the docket of this Court.

With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court does **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

      s/Herman J. Weber      
Herman J. Weber, Senior Judge
United States District Court
