IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM,                                    CASE NO. C-1-02-425
   PETITIONER,

VS.                                            HONORABLE JUDGE WEBER

OHIO ADULT PAROLE AUTHORITY,
   RESPONDENT.

---

MOTION FOR RELIEF FROM JUDGMENT PURSUANT
TO FED. R. CIV. PROC. 60

---

ON BEHALF OF PETITIONER:        ON BEHALF OF RESPONDENT

TED MARCUM, #549-841            MR. MARC DANN, ATTY. GEN.
ROSS CORRECTIONAL CAMP          STATE OFFICE TOWER
P.O. BOX 7010                   30 EAST BROAD STREET
CHILLICOTHE, OHIO 45601         COLUMBUS, OHIO 43215

(1)

## MEMORANDUM

On July 12th, 2007, the court filed a written "Oder" adopting the report and recommendation offered by the magistrate judge recommending that the petition for a writ of habeas corpus be denied with prejudice. (T.D. 46 and 35).

The "Order" itself was mailed by the Clerk of Court, U.S. District Court, by "Certified Mail" delivery on <u>July 12th, 2007</u>, (the same day).

On <u>July 16, 2007</u>, petitioner, Ted Marcum, "signed" the prison mail log receiving the "Order" by "Certified Mail" delivery and had, indeed, received the "Order" authored by Honorable Judge Weber "adopting" the report and recommendation made by the magistrate judge recommending that the petition for writ of habeas corpus be denied. The court also ordered that a "Certificate of Appealability" shall <u>not</u> be granted in "good faith."

(a)

Today's date is July 17, 2007. Petitioner now comes before the court on a "timely" made motion requesting "relief from judgment" pursuant to Fed. R. Civ. P. 60

First, it must be noted that Fed. R. App. P. 4(a)(4)(A)(vi) provides that, if a motion "for relief under [Civ. R.] 60 ... is filed no later than 10 days after the judgment is entered" ... extends the time period on a filing of a notice of appeal.

Thus, the filing of this motion within "10 days" tolls the running of the 30 day time period on filing the notice of appeal.

The merits of this motion are based on one single sixth circuit opinion that petitioner/Marcum respectfully ask the court to examine, and grant relief to the petitioner from its initial judgment based on that one single sixth circuit opinion.

(3)

In the court's July 12, 2007 order, the court stated that Ohio Appellate Court Rule 26(B), is an "adequate" remedy, under Ohio law. The court also stated that the Ohio court(s) have consistently followed the "time bar" on applications for reopening since at least 1996., thus the court ruled that the Ohio Appellate Court Rule 26(B) is a "firmly established" and "regularly followed" court rule.

In light of the above judgment, Honorable Judge Weber ruled that since Petitioner/Marcum has missed the "ninety day time period" on filing his application for reopening of the appellate court judgment pursuant to the state court remedy of Appellate Court Rule 26(B), without a showing of "good cause" for his untimely-filing, Judge Weber ruled that in absence of demonstrating that the rule was not "adequate," that the petition for writ of habeas corpus be denied based on a time bar.

(4)

Petitioner/Marcum now ask the court to read the recent Sixth Circuit opinion found in <u>Fraklin</u> vs. <u>Anderson</u>, (Jan. 9th 2006, Cir. 6th), 434 F.3d 412.

In <u>Fraklin</u>, the Sixth Circuit ruled that Ohio Appellate Court 26(B) was <u>not</u> an "adequate" state court remedy citing the fact that, in a number of "death penalty cases," the Ohio Supreme Court relaxed their strict 90-day time bar, and was addressing on the merits the underlying claims of ineffective assistance of appellate counsel claims, notwithstanding the fact that they missed the strict "90 day time period."

Thus in light of the <u>Franklin</u> court decision, Petitioner/Marcum respectfully ask this honorable court to reconsider its initial July 12, 2007 court order., and petitioner ask the court to address the merits of his under constitutional claims for habeas corpus relief, based on the fact that the Ohio remedy is not adequate.

(5)

The mere fact the <u>Franklin</u> court was reviewing "death penalty cases" should not make a difference on a "procedural" remedy, such as the strict 90 day time frame, because the time frame applies equally to all class of offenders. Moreover, the 14th Amendment right to due process and equal protection of the law would be violated by carving-out an exception to the rule upon non-death penalty cases, when those convicted of death penalty causes, could be heard on the merits of their underlying claims in habeas corpus proceedings, but not those convicted of other offenses.

Simply put, the Sixth Circuit reasoning declaring Ohio appellate court rule as not a regularly practiced or followed rule, must be declared as a non-adequate, non-consistently applied state court remedy regardless of whatever the offense may be.

(6)

WHEREFORE, PETITIONER/MARCUM RESPECTFULLY MOVES THE COURT FOR JUDGMENT BY VACATING ITS JULY 12, 2007 ENTRY, AND BY DECLARING THAT OHIO APP. R. 26(B), IS NOT AN ADEQUATE OR CONSISTENTLY APPLIED STATE COURT REMEDY UNDER FRANKLIN. PETITIONER RESPECTFULLY ASK THE COURT FOR RELIEF FROM JUDGMENT AND GRANT THE PETITION FOR A WRIT OF HABEAS CORPUS ON ALL SEVEN GROUNDS THAT ARE ASSERTED IN HIS HABEAS PETITION.

PETITIONER ALSO ASK THAT, IN THE EVENT THE COURT DOESN'T GRANT THE WRIT, THAT A CERTIFICATE OF APPEALABILITY SHOULD BE GRANTED IN LIGHT OF FRANKLIN, WHEREIN THE PANEL MAJORITY DID FIND THAT THE OHIO SUPREME COURT WAS NOT CONSISTENTLY ENFORCING THE TIME BAR DURING THE YEAR OF 2000. MARCUM FILED HIS APPLICATION IN THAT SAME TIMEFRAME. PETITIONER ALSO REQUEST RELIEF FROM JUDGMENT FINDING HIS MOTION REQUESTING A TELEPHONE CONFERENCE AS "MOOT." AND, IN LIGHT OF THE FACT THAT OHIO APP. R. 26(B) NOT BEING AN "ADEQUATE" REMEDY, PETITIONER SEEKS RELIEF FROM JUDGMENT DENYING HIM

(7)

AN EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL. THE COURT STATED THAT DUE TO THE PETITIONER'S FAILURE TO DEVELOPE THE FACTS OF HIS UNDERLYING CONSTITUTIONAL CLAIMS IN THE STATE COURTS, WHICH RESULTED FROM THE PROCEDURAL DEFAULT BY MISSING THE 90-DAY TIME PERIOD, THAT THE PETITIONER WAS PRECLUDED FROM ESTABLISHING THOSE FACTS IN FEDERAL COURT.

HOWEVER, IN LIGHT OF THE FACT THAT THE OHIO RULE IS NOT ADEQUATE, REMOVES MARCUM'S PROCEDURAL DEFAULT, WHICH ALLOWS HIM TO PRESENT THOSE FACTS AND CIRCUMSTANCES TO THE COURT AT AN EVIDENTIARY HEARING.

ACCORDINGLY, PETITIONER/MARCUM RESPECTFULLY PRAYS FOR RELIEF FROM JUDGMENT.

VERY RESPECTFULLY SUBMITTED,

*Ted Marcum*

TED MARCUM, #549-841
C/O ROSS CORRECTIONAL CAMP
P.O. BOX 7010
CHILLICOTHE, OHIO 45601

(8)

## CERTIFICATE OF SERVICE

THIS IS HEREBY TO VERIFY THAT A TRUE COPY OF THE FORGOING MOTION FOR RELIEF FROM JUDGMENT, HAS BEEN SENT TO OHIO ATTORNEY GENERAL, MARC DANN, c/o STATE OFFICE TOWER, 30 EAST BROAD STREET, COLUMBUS, OHIO 43215, ON THE 18TH DAY OF JULY, 2007, BY: REGULAR U.S. MAIL, POSTAGE PREAFFIXED.

*Ted Marcum*

TED MARCUM, #549-841
ROSS CORRECTIONAL CAMP
P.O. BOX 7010
CHILLICOTHE, OHIO 45601