UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM,

Petitioner

v.                                              C-1-02-425

OHIO ADULT PAROLE AUTHORITY,

Respondent

### ORDER

This matter is before the Court on Petitioner's Motion for Relief from Judgment Pursuant To Federal Rule of Civil Procedure 60 (doc. no. 48).

Petitioner requests relief from judgment regarding the denial of his Petition for Writ of Habeas Corpus (doc. no. 2), the corresponding certificate of appealability and his Motions for an Evidentiary Hearing (doc. no. 43) and a Telephone Conference (doc. no. 44). The basis for Petitioner's motion for relief is his contention that, in contradiction to the finding of the Court, Ohio Rule of Appellate Procedure 26(B) was not an "adequate" state procedural law at the time the Ohio Court of Appeals, Twelfth Appellate District used it to reject his appeal to that court as time-barred. Petitioner argues that because the rule was not "adequate" his petition for habeas corpus has not been defaulted, and ought to be considered on its merits.

A state rule is "adequate" for purposes of federal habeas corpus law when it is both "firmly established" and "regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). Petitioner rightly observes that in *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006), a decision of the United States Court of Appeals for the Sixth Circuit, the opinion states that Ohio Rule of Appellate Procedure 26(B) was not "adequate" to procedurally default that petitioner's claims. In addressing the rule's inadequacy to bar the petitioner in that case, the opinion cites a series of exceptions to the rule, beginning in 2000, made by the Ohio Supreme Court in capital cases. This Court finds *Franklin* to be inapposite, however. Announced little more than a week after *Franklin*, and cited by this Court in its previous Order (doc.no. 46), the Sixth Circuit held the rule to be "adequate" in *Williams v. Bagley*, 166 Fed.Appx. 176 (6th Cir. 2006). In *Williams*, the court affirmed a long line of cases holding that Ohio Rule of Appellate Procedure 26(B) was, in fact, "adequate." *Id.* at 180. In light of the holding of the court in *Williams*, its holding in *Franklin* is most appropriately read to fit the narrow circumstances of the petitioner in that case.

The adequacy of Rule 26(B) in this case is more appropriately determined by the holding of *Williams* than by the holding of *Franklin* for two reasons. First, in *Franklin*, the court addressed the inconsistent treatment of Rule 26(B) in the very specific circumstance of capital cases, while the court addressed the general adequacy of the rule in *Williams*. Petitioner Marcum's case is not a capital case, and, thus, falls into the broad category of cases where the rule has been regularly followed. Additionally, the finding of Rule 26(B)'s adequacy in *Williams* appears to be the more appropriate precedent for this Court to follow, because the statements about the rule's inadequacy in *Franklin* appear to be dicta. In *Franklin*, before even addressing the adequacy of Rule 26(B), the court had already

determined that the petitioner in that case should not be bound by Rule 26(B) because he filed his motion before that rule became "firmly established and regularly followed." *Franklin*, 434 F.3d at 420. Consequently, the subsequent analysis regarding whether Rule 26(B) is "adequate" does not appear to be central to the holding of *Franklin*. For both reasons, the Court finds that the Petitioner's claims should be statutorily barred by Rule 26(B) under the holding of *Williams*.

The Petitioner also argues that finding Rule 26(B) to be not "adequate" to procedurally bar a claim in a petition for writ of habeas corpus in capital cases, but "adequate" to do so in all other cases, is a violation of his right to equal protection as provided by the Fourteenth Amendment of the United States Constitution. This Court finds that it is the current state of the law in the United States Court of Appeals for the Sixth Circuit that such a distinction can be made, and, as such, this Court is bound by precedent to enforce the procedural bar of the Petitioner's claims. The Sixth Circuit does not recognize such a distinction as violating the Fourteenth Amendment.

Regarding the Petitioner's motions for a telephone conference and an evidentiary hearing, the Petitioner has presented no substantial argument that changes the Court's analysis in its previous Order regarding these issues. As such, these motions are denied.

Finally, Petitioner requests that this Court issue a certificate of appealability on the issue of the adequacy of Ohio Rule of Appellate Procedure 26(B), in light of the distinction made by the United States Court of Appeals for the Sixth Circuit in the *Franklin* and *Williams* opinions. It is appropriate for a court to issue a certificate of appealability when a legal issue is "debatable among reasonable jurists" as set forth by the *Slack* test. *Slack v. Mc Daniel*, 529 U.S. 473, 484-85 (2000) See also, 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

This Court finds that whether Ohio Rule of Appellate Procedure 26(B) is not "adequate" to procedurally bar a petition for writ of habeas corpus in capital cases, but "adequate" to procedurally bar petitioners in all other cases is a question that is debatable among reasonable jurists. As such, this Court grants the Petitioner's request for a certificate of appealability regarding that issue.

Accordingly, the Court **DENIES** the Petitioner's Motion for Relief from Judgment regarding his denial of Petition for Writ of Habeas Corpus. The Court **DENIES** Petitioner's Motions for Relief from Judgment regarding his denial of a telephone conference and an evidentiary hearing. The Court **GRANTS** the petitioner's request for a certificate of appealability with regard to whether Ohio Rule of Appellate Procedure 26(B) is not "adequate" to procedurally bar a petition for writ of habeas corpus in capital cases, but is "adequate" to procedurally bar petitioners in all other cases . The case is **TERMINATED** on the docket of this Court.

With respect to the application by Petitioner to proceed on appeal *in forma pauperis*, the Court does **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the above certified question would be taken in "good faith," and therefore **GRANTS** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. See Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court